819 F.2d 189
 Bankr. L. Rep. P 71,807
In re Stanley VAN IPEREN and Stephena Van Iperen, Debtors.
Stanley VAN IPEREN and Stephena Van Iperen, Appellants,
v.
PRODUCTION CREDIT ASSOCIATION OF WORTHINGTON-SLAYTON BRANCH, Appellee.
 No. 86-5282.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 9, 1987.
Decided May 19, 1987.
 
 William J. Rieb, Sioux City, Iowa, for appellants.
 Leah R. Bussell, New Ulm, Minn., for appellee.
 Before LAY, Chief Judge, JOHN R. GIBSON, Circuit Judge, and HANSON,* Senior District Judge.
 PER CURIAM.
 
 
 1
 Stanley and Stephena Van Iperen appeal from the district court's dismissal of their bankruptcy appeal as moot. For reversal, they argue that the bankruptcy court[1] improperly lifted the automatic stay and allowed purportedly "exempt" property to be taken out of the bankruptcy estate. The Van Iperens contend that the district court[2] compounded this error by relying on mootness in dismissing their appeal to that court. On the basis of the district court's mootness analysis, we affirm.
 
 Background
 
 2
 The Van Iperens owed the Production Credit Association (PCA) a large sum of money. On December 19, 1985, PCA won a $181,882.45 replevin judgment against the Van Iperens in Minnesota state district court, permitting PCA to immediately take possession of all personal property identified as collateral. Before PCA could take possession, the Van Iperens filed a Chapter 11 reorganization petition at 9:09 a.m. on January 6, 1986. At 11:22 a.m. that same day, PCA's outstanding judgment was docketed in Murray County District Court.
 
 
 3
 On January 29, 1986, the bankruptcy court held a hearing at which PCA moved for relief from the 11 U.S.C. Sec. 362 automatic stay of creditor collection actions. Citing 11 U.S.C. Sec. 541(d), the bankruptcy court lifted the stay, on the grounds that the "prepetition" state court judgment left the debtors with only a "possessory" interest in the collateral. After an emergency hearing on a motion to reconsider, the bankruptcy court on February 6, 1986, repeated its ruling, again citing section 541(d). Meanwhile, the debtors' attempt under state procedures to restrain PCA from collecting its judgment failed because the debtors did not post a bond for the amount of the judgment; the Minnesota Court of Appeals denied the debtors' motion for a writ of prohibition.
 
 
 4
 When the bankruptcy court on March 13, 1986, denied the Van Iperens' motion for a stay pending appeal to the federal district court, PCA seized cows and machinery from the Van Iperens. PCA then sold the collateral, producing cash proceeds, about $20,000 of which the Van Iperens claim derived from exempt property.
 
 
 5
 The district court dismissed the Van Iperens' appeal on mootness grounds by order dated June 12, 1986. The court ruled that an order "reimposing the automatic stay as to collateral which has passed into the hands of third parties would be completely inefficacious." The court added that it had "no authority to order the property returned to debtors or to return the proceeds of the foreclosure sale to debtors." The court gave no indication of its view on the merits of the Van Iperens' appeal.
 
 
 6
 The present appeal was filed on July 8, 1986, although the bankruptcy proceeding continued. By order dated August 22, 1986, the bankruptcy court denied the debtors' attempt to claim the liquidated livestock as exempt property in the on-going bankruptcy case, and ruled that PCA's lien on livestock or proceeds could not be avoided under 11 U.S.C. Sec. 522(f). The court also found the exemption question moot since the collateral had already been liquidated and applied to the indebtedness to PCA.
 
 Discussion
 
 7
 The debtors claim that the case is not moot, because although the collateral has been sold to third parties, the proceeds are available. The gist of the debtors' complaint is that PCA moved in and took the collateral, sold it quickly, and is now using a mootness argument to "camouflage" the issues of whether the stay or the exemption provisions of the Bankruptcy Code should have protected the debtors. The Van Iperens do not cite a single case to refute PCA's mootness argument. Instead, they go directly to the merits by asserting that had the bankruptcy proceeding been conducted properly, they would have been able to save their cows and machinery as exempt property at the time of filing. They cite no authority for returning to a debtor the proceeds from property that has been taken wrongfully (assuming it has been) and liquidated.
 
 
 8
 The district court relied on several cases in ruling on the mootness question. See Markstein v. Massey Assocs., Ltd., 763 F.2d 1325, 1327 (11th Cir.1985) (court is powerless to rescind sale when debtor fails to obtain stay pending appeal of bankruptcy court order); Algeran, Inc. v. Advance Ross Corp., 759 F.2d 1421, 1423-25 (9th Cir.1985) (when debtor failed to obtain stay pending appeal of decision lifting stay, and property was foreclosed on in meantime, mootness precludes appeals court from reinstating automatic stay); In re Sewanee Land, Coal & Cattle, Inc., 735 F.2d 1294, 1295-96 (11th Cir.1984) (same); In re Southerton Corp., 46 B.R. 391, 394-95 (M.D.Pa.1982) (same); accord In re Kahihikolo, 807 F.2d 1540, 1542-43 (11th Cir.1987). We agree with the rationale underlying these cases and the district court's action. Once collateral is taken and converted into cash, no court is able to formulate adequate relief to the debtor. To avoid losing their cows and machinery the Van Iperens should have moved the district court for a stay pending appeal. They made no such effort, the cows and machinery are gone, and it is too late to get them back. The concept of exempt property is designed to let the debtor retain a few basic essentials for a fresh start. Money, even proceeds from the sale of collateral, does not have this quality when it is in the hands of a third party who has properly used state collection procedures.
 
 Conclusion
 
 9
 We affirm on the basis of the district court's well-reasoned opinion. See 8th Cir. Rule 14.
 
 
 
 *
 The HONORABLE WILLIAM C. HANSON, Senior United States District Judge for the Southern District of Iowa, sitting by designation
 
 
 [1]
 The Honorable Dennis O'Brien, United States Bankruptcy Judge for the District of Minnesota, presiding
 
 
 [2]
 The Honorable Harry H. MacLaughlin, United States District Judge for the District of Minnesota, presiding