**In re Raymond L. LARSON, Debtor.**

**No. 90–05863.**

United States Bankruptcy Court,
D. North Dakota.

March 27, 1992.

See also 136 B.R. 540.

**544**

Gary E. Cameron, Moorhead, Minn., trustee.

Michael Fadlovich, Minneapolis, Minn., for U.S. Trustee.

Scott A. Griffeth, West Fargo, N.D., former atty., for debtor.

Jon R. Brakke, Fargo, N.D., for ORIX Credit Alliance, Inc., First Sec. Leasing Co., and Associates Commercial Corp.

Jay D. Carlson, Fargo, N.D., for trustee.

Lowell P. Bottrell, Fargo, N.D., for Y.J. Larson.

Brad A. Sinclair, Fargo, N.D., for Circle Business Credit Corp.

Description of property:

Clower & Larson Properties
Debtor's Interest: $40,000.00     Value claimed exempt: $20.00

---

## ORDER

WILLIAM A. HILL, Bankruptcy Judge.

Before the court are multiple objections to the Debtor's amended schedule of exemptions filed March 13, 1992.

This case began as a joint Chapter 11 with the Debtor, Ray Larson, and his wife as co-debtor. It was converted to Chapter 7 in July 1991 and on December 27, 1991, the co-debtor spouse was dismissed from the case leaving Ray Larson as the sole Debtor. A joint schedule of exemptions was filed in connection with the conversion prompting objections by the Chapter 7 trustee, Circle Business Credit Corporation, ORIX Credit Alliance, Inc., Associates Commercial Corporation and First Security Leasing Company (hereinafter referred to as creditors).

On March 13, 1992, Ray Larson as the sole remaining debtor filed an amended schedule which continued all of the business-related exemptions found in the former joint schedule but which omits any exemption for household goods and furnishings and which makes no claim of homestead for the Debtor's current place of residence. A hearing on the objections was held on March 16, 1992.

1.

The values claimed exempt are all within the statutory dollar limits of the respective North Dakota Century Code exemption statutes under which the claim is made and when the various exemptions charged to a particular statute are aggregated, the permissible dollar amount is not exceeded. However, as individual exemptions, the value claimed as exempt for each item is far below the indicated value of the Debtor's interest. As an example:

---

As one goes through the list of items exempted one is struck by the nominal amount claimed as exempt. The trustee and the creditors do not challenge all of the exemptions as illegitimate but charge that the manner in which the Debtor selected

exemptions in various assets was not in furtherance of any fresh start objective but was a means whereby he could retain a fractional interest in each asset subject to being liquidated by the trustee and hopefully thereby hamper if not completely frustrate the trustee's ability to liquidate the estate's interest. These assets are set forth in the table below:

| | | |
|---|---|---|
| Clower & Larson Properties<br>Debtor's Interest: $40,000.00 | Value exempt: | $ 20.00 |
| Concord Commercial Lawsuit<br>Debtor's Interest: unknown | Value exempt: | $ 50.00 |
| Gary Martinson Loan Lawsuit on Wahpeton Apartments<br>Debtor's Interest: unknown | Value exempt: | $ 25.00 |
| Homestead<br>Debtor's Interest: $190,000.00 | Value exempt: | $ 25.00 |
| Pomrenke Judgment<br>Debtor's Interest: unknown | Value exempt: | $ 100.00 |
| Jerry Beck Judgment<br>Debtor's Interest: unknown | Value exempt: | $ 100.00 |
| KPRL Lawsuit<br>Debtor's Interest: unknown | Value exempt: | $ 25.00 |
| KRW, Inc.<br>Debtor's Interest: unknown | Value exempt: | $ 25.00 |
| Circle Business Credit Lawsuit<br>Debtor's Interest: unknown | Value exempt: | $ 25.00 |
| MWA Leasing, Inc.<br>Debtor's Interest: 50% of stock | Value exempt: | $ 50.00 |
| Mid-state Oil Co.<br>Debtor's Interest: 50% of stock | Value exempt: | $ 100.00 |
| Midwest Aviation, Inc.<br>Debtor's Interest: 50% of stock | Value exempt: | $1,000.00 |
| Midwest Motors, Midstate Motors, and Midwest Recycling, B & R Investments, CBR Group, Real Estate Partners Franchise, L & M Partnership, L & M III partnership, Highland Investors, Radmoor Investors, Investment 85, L & L Trucking<br>Debtor's Interest: unknown | Value exempt: | $ 25.00 |
| Quality Bulk Products Lawsuit<br>Debtor's Interest: unknown | Value exempt: | $ 25.00 |
| Otter Tail County real estate<br>Debtor's Interest: $500,000.00 | Value exempt: | $ 25.00 |
| Silver Bay Bonds<br>Debtor's Interest: unknown | Value exempt: | $ 25.00 |
| South St. Paul Lawsuit<br>Debtor's Interest: unknown | Value exempt: | $ 25.00 |
| WTC, Inc.<br>Debtor's Interest: unknown | Value exempt: | $ 50.00 |
| West Fargo Transportation, Inc.<br>Debtor's Interest: unknown | Value exempt: | $ 1.00 |

---

The trustee and creditors also assert that the Debtor's de minimis exemption in a 1983 Viking boat is improper because, as Larson himself testified, it is owned by

Midwest Aviation, Inc. and is not properly speaking, an asset amenable to being personally exempted by the Debtor himself.

As to the BMR exemption, Larson testified that $5,000.00 was fairly close to its value and that the company is necessary to a fresh start.

As for the other contested exemptions, Larson, when asked for a reason for taking fractional and nominal exemptions in various assets, said he did it to stay involved—that it seemed like a good idea at the time so he, "just gave it a whirl".

This "whirl", as he calls it, will make the trustee's job exceedingly difficult because it raises the possibility of multiple partition actions and may make liquidation difficult, if not impossible, in view of his claim of a partial interest in virtually every asset of the estate. The trustee and objecting creditors want the nominal exemptions disallowed as being taken in bad faith.

### 2.

If exemptions, at first blush, appear to meet the statutory criteria of the North Dakota exemption laws, does that end the inquiry? The Debtor says it does, arguing that a Debtor's motive in making his exemption selection is irrelevant and if the Debtor wishes to exempt a nominal portion of an asset thereby making its liquidation by the trustee difficult then that's just too bad.

Although it is axiomatic that exemption statutes are broadly interpreted, it is also axiomatic that the concept of exemptions is to allow a debtor to retain property essential to a fresh start. *In re Van Iperen*, 819 F.2d 189, 191 (8th Cir.1987). While a claimed exemption may meet the strict statutory requirements, courts have looked beyond the statutory exemption criteria to consider whether the exemption goes beyond the purpose for which exemptions are permitted. In *Norwest Bank, N.A. v. Tveten*, 848 F.2d 871 (8th Cir.1988), the circuit suggested that courts keep in mind the following policies implicit in legitimate exemptions:

1. to provide the debtor with property necessary for his physical survival;

2. to protect the dignity and the cultural and religious identity of the debtor;

3. to rehabilitate himself financially and earn income in the future;

4. to protect the debtor's family from the adverse consequences of impoverishment;

5. to shift the burden of providing the debtor and his family with minimal financial support from society to the debtor's creditors.

*Tveten*, 848 F.2d at 876; *see also, In re Johnson*, 880 F.2d 78 (8th Cir.1989). These policies have as their objective the provision of property useful to the debtor's continued survival. It is to be noted that meeting statutory value limits or statutory exemption categories are not among the enumerated criteria of "legitimate exemptions". By placing emphasis upon the social and support function of exemptions, *Tveten* and *Johnson* suggest that there is a good faith aspect to exemption claims that transcends the mere mathematics of adding up dollar values and checking statutory categories.

Thus, whether an exemption is taken in good faith depends not only upon whether it meets the value limits of a statutory category but whether it can be said to promote the social objectives inherent to legitimate exemptions.

This is not to place inconsistent and arbitrary limits on statutory exemptions and in *In re Johnson*, 880 F.2d at 83, the court was quick to point out that judicial discretion in reviewing the legitimacy of exemptions should be reserved for the exceptional case.

The case at bar is an exceptional case. Here the Debtor has, except for limited categories, exempted none of the basic resources essential to his or his family's personal and ongoing well being. The property comprising the homestead has not been exempted as a homestead, the household goods and furnishings have not been exempted, significant cash accounts have not been exempted nor have the means of transportation been exempted.

The total dollar limit claimed, whether under North Dakota Century Code § 28–22–03 (head of family) or N.D.Cent.Code § 28–22–03.1(1) (in lieu of homestead) is $12,471.00 and nearly meets the combined dollar limits of $12,500.00 for these two exemption categories. Yet, the Debtor, rather than making use of either of the categories to preserve a particular asset in any meaningful way, has parsimoniously exempted a nominal value for nearly every exempted asset leaving it subject to partition and liquidation by the trustee. The objective of such an effort can hardly be the promotion of the social objectives enumerated in *Tveten.* Although Larson himself was evasive as to the reasons why exemptions were crafted in this fashion, the court believes from the systematic method used and the trustee's testimony that, in fact, the purpose was to frustrate the trustee's legal responsibility to marshal and liquidate assets for the benefit of unsecured creditors.

Accordingly, the court believes the exemptions claimed in the following enumerated items are taken in bad faith and are disallowed:

Clower & Larson Properties
Concord Commercial Lawsuit
Gary Martinson Loan Lawsuit on Wahpeton Apartments
Homestead
Pomrenke Judgment
Jerry Beck Judgment
KPRL Lawsuit
KRW, Inc.
Circle Business Credit Lawsuit
MWA Leasing, Inc.
Mid-state Oil Co.
Midwest Aviation, Inc.
Midwest Motors, Midstate Motors, and Midwest Recycling,
B & R Investments, CBR Group, Real Estate Partners
Franchise, L & M Partnership, L & M III partnership,
Highland Investors, Radmoor Investors, Investment 85,
L & L Trucking
Quality Bulk Products Lawsuit

Otter Tail County real estate
Silver Bay Bonds
South St. Paul Lawsuit
WTC, Inc.
West Fargo, Transportation Inc.

With regards to the exemption claimed in BMR, Inc., the Debtor testified that its exemption value is approximately equal to what the Debtor's interest is and that the company has some future and is necessary to his ongoing business future. There was no evidence contradicting this statement and the court accepts the BMR, Inc. exemption as legitimately claimed.

With regards to the exemption made in a 1983 19 ft. Viking boat the court finds that that exemption is improper as the boat is an asset owned by Midwest Aviation, Inc. and is not an asset of the estate amenable to being specifically exempted by the Debtor.

SO ORDERED.