21 F.3d 432
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 N. Walter GOINS, Appellant,
v.
Donald R. JOHNSTON, Trustee of the Bankruptcy Estate of KTMA
Acquisition Corp.; Wesley B. Huisinga, Appellees.
N. Walter Goins, Appellant,
v.
Donald R. Johnston, Trustee of the Bankruptcy Estate of KTMA
Acquisition Corp.; Wesley B. Huisinga, United
States Trustee, Appellees.
 No. 93-2675.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 6, 1994.
Filed: April 12, 1994.
 
 Before MAGILL, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 N. Walter Goins appeals from the district court's[1] order dismissing, in part, his bankruptcy appeal as moot and affirming three separate orders of the bankruptcy court.[2] For reversal, Goins asserts that the district court incorrectly determined that his appeal was moot and incorrectly concluded that the bankruptcy court's findings of fact were not clearly erroneous. We affirm.
 
 
 2
 When reviewing bankruptcy court decisions, this court acts as a second court of review. This court reviews questions of law de novo, and factual findings for clear error. See Graven v. Fink (In re Graven), 936 F.2d 378, 382 (8th Cir. 1991).
 
 
 3
 We agree with the district court's conclusion that Goins's appeal from the bankruptcy court's orders approving the sale of the debtor's assets and the assignment of executory contracts is moot because he failed to obtain a stay of the sale pending appeal. See Ewell v. Diebert (In re Ewell), 958 F.2d 276, 279 (9th Cir. 1992); Van Iperen v. Production Credit Assoc. (In re Van Iperen), 819 F.2d 189, 191 (8th Cir. 1987); 11 U.S.C. Sec. 363(m). In addition, the district court properly rejected Goins's argument that the bankruptcy court clearly erred in finding that the November 30, 1988 letter agreement between the debtor and two other companies had been terminated by the parties prior to the commencement of the Chapter 11 proceeding. We also agree with the district court's conclusion that the bankruptcy court properly denied Goins's claim and his motion to strike.
 
 
 4
 We need not address Goins's argument that the bankruptcy court lacked power to modify its order regarding the terms of the sale because he raises this argument for the first time on appeal and has not shown that manifest injustice will otherwise result. See Ryder v. Morris, 752 F.2d 327, 332 (8th Cir.), cert. denied, 471 U.S. 1126 (1985).
 
 
 5
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable David S. Doty, United States District Judge for the District of Minnesota
 
 
 [2]
 The Honorable Robert J. Kressel, United States Bankruptcy Judge for the District of Minnesota