# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

———

No. 04-6017EM

———

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Julia A. Strong, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| Julia A. Strong, | * | |
| | * | |
| Debtor-Appellant, | * | Appeal from the United States |
| | * | Bankruptcy Court for the Eastern |
| v. | * | District of Missouri |
| | * | |
| Bank of America, | * | |
| | * | |
| Movant-Appellee. | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |

———

Submitted: July 16, 2004
Filed: July 28, 2004

———

Before KRESSEL, Chief Judge, MAHONEY  and VENTERS,  Bankruptcy Judges.

———

KRESSEL, Chief Judge.

Strong appeals from an order of the bankruptcy court[1] granting Bank of America's request for relief from the automatic stay. Because Strong's appeal is moot, we dismiss her appeal for lack of jurisdiction.

BACKGROUND

On May 23, 2000, Strong executed a note in the amount of $44,500 in favor of Bank of America, N.A. The note was secured by a first deed of trust against Strong's residence. Strong subsequently defaulted on her payments. On June 5, 2002, Bank of America attempted to foreclose on Strong's residence. Strong then filed her first Chapter 13 petition on May 28, 2002, which resulted in a cancellation of Bank America's June 5, 2002 foreclosure sale.

On January 14, 2003, Bank of America sought relief from the automatic stay. On January 21, 2003, prior to the hearing on the bank's motion for relief, Strong's case was dismissed for failure to make plan payments. On February 13, 2003, Strong filed a second Chapter 13 petition. On June 18, 2003, Bank of America again sought relief from the automatic stay.

The bank's motion was settled with a consent order and stipulation, entered August 7, 2003, requiring Strong to remain current on all future post-petition payments while making an extra payment each month to cure the post-petition delinquency that existed at the time of the hearing. On December 19, 2003, Bank of America filed a notice of default for breach of the terms of the consent order and stipulation. As a result of Strong's failure to file a response to the notice of default and her failure to cure the breach, an order granting the bank relief from the stay was entered on January 12, 2004. On January 16, 2004, Strong's second Chapter 13 case was dismissed for failure to make plan payments.

---

[1] The Honorable Barry S. Schermer, United States Bankruptcy Judge for the Eastern District of Missouri.

2

After the dismissal of Strong's case, Bank of America proceeded with foreclosure on Strong's residence. The foreclosure sale was scheduled for March 9, 2004. On March 8, 2004, Strong filed a third Chapter 13 petition. Bank of America postponed the foreclosure sale to March 16, 2004. On March 12, 2004, Bank of America filed a motion for an expedited hearing and a motion to dismiss or in the alternative for relief from the automatic stay. On March 16, 2004, a hearing on the bank's motions was held. Strong and her attorney appeared at the hearing. The bankruptcy court granted Bank of America relief from the stay to proceed with its foreclosure sale, and waived the ten day stay under Bankruptcy Rule 4001.

On March 16, 2004, Bank of America proceeded with the foreclosure sale on Strong's residence. The residence was sold to Federal National Mortgage Association, the only bidder, for $44,826.57. On March 26, 2004, Strong filed a notice of appeal. On April 2, 2004, a petition for eviction was filed by Federal National Mortgage Association. Strong was subsequently served with notice of the eviction proceedings. On June 2, 2004, Strong moved for a stay pending appeal which we denied. On that same date, a judgment of unlawful detainer was taken against Strong. On June 17, 2004, Strong was evicted from the property.

## THIS COURT'S JURISDICTION

Bank of America argues that Strong's appeal is moot and should be dismissed. Mootness arises frequently in the context of bankruptcy when property is sold or relief from stay is granted and foreclosure proceedings move ahead. *Blackwell v. Lurie (In re Popkin & Stern)*, 234 B.R. 724, 727 (B.A.P. 8th Cir. 1999), *rev'd on other grounds*, 223 F.3d 764 (8th Cir. 2000). In those cases, an appeal is almost always moot because a stay pending appeal was not obtained and the property at issue has been transferred to a good faith, third party purchaser. *Van Iperen v. Production Credit Ass'n of Worthington-Slayton Branch (In re Van Iperen)*, 819 F.2d 189, 190-191 (8th Cir. 1987). When a case no longer presents an actual ongoing controversy, the case is moot and the court lacks the requisite subject matter jurisdiction to hear it.

3

*Hickman v. State of Missouri*, 144 F.3d 1141, 1142 (8th Cir. 1998). An appeal is moot when it is impossible for the court to grant "any effectual relief whatever" to a prevailing party. *Church of Scientology v. United States*, 506 U.S. 9, 12, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653, 16 S.Ct. 132, 40 L.Ed. 293 (1895)).

On March 16, 2004, a foreclosure sale was held and the debtor's homestead sold. Under longstanding and well settled Eighth Circuit case law, the sale rendered the appeal from the order granting relief from the automatic stay moot.

## CONCLUSION

Because her appeal is moot, we dismiss Strong's appeal for lack of subject matter jurisdiction.

---