# United States Bankruptcy Appellate Panel

## FOR THE EIGHTH CIRCUIT

---

No. 08-6031

---

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Mark Anthony Ealy, Sr., | * | |
| | * | |
| Debtor. | * | |
| | * | |
| Internal Revenue Service, | * | Appeal from the United States |
| | * | Bankruptcy Court for the |
| Creditor - Appellant, | * | Eastern District of Arkansas |
| | * | |
| v. | * | |
| | * | |
| Mark Anthony Ealy, Sr., | * | |
| | * | |
| Debtor - Appellee. | * | |

---

Submitted: October 29, 2008
Filed: November 5, 2008

---

Before KRESSEL, Chief Judge, SCHERMER and MCDONALD, Bankruptcy
Judges

SCHERMER, Bankruptcy Judge

The Internal Revenue Service ("Creditor") appeals the bankruptcy court's[1] order denying relief from the automatic stay of 11 U.S.C. § 362 to offset a post-petition tax refund and a post-petition stimulus payment owed to Debtor Mark Anthony Ealy, Sr. ("Debtor") against a post-petition tax liability of the Debtor to the Creditor. We must dismiss the appeal as moot.

## BACKGROUND

The Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code on January 6, 2005. The Court confirmed the Debtor's Chapter 13 plan which provided for payment of the Creditor's priority claim in full in periodic payments and provided for payment of a pro-rata dividend on account of the Creditor's unsecured claim.

The Debtor failed to pay his post-petition federal income tax for 2005 and 2006. On June 6, 2007, the Creditor filed a proof of claim which included a priority claim for post-petition income tax liabilities of $3,375 for 2005 and $1,499 for 2006. In 2008, the Debtor filed his income tax return for 2007 reflecting an overpayment of taxes in the amount of $936.

On May 21, 2008, the Creditor filed a motion for relief from the automatic stay to permit offset of the Debtor's tax overpayment of $936 against his 2005 post-petition tax liability. At the hearing on the motion, the Creditor asked that relief from the automatic stay also be granted to allow offset of the Debtor's economic stimulus payment of $600 pursuant to the Economic Stimulus Act of 2008 against his 2005 post-petition tax liability. The court denied the Creditor's motion, concluding that the Creditor was adequately protected by the Debtor's confirmed plan which provided for

---

[1]The Honorable Richard D. Taylor, United States Bankruptcy Judge for the Eastern and Western Districts of Arkansas.

periodic payments in full of the post-petition tax liability. The Creditor appealed and sought a stay of the order pending appeal from the bankruptcy court. The bankruptcy court denied the Creditor's request for a stay pending appeal. The Creditor has since paid the tax refund and the stimulus payment to the Debtor.[2]

## DISCUSSION

A federal court may only exercise jurisdiction over cases and controversies and lacks authority over moot issues. U.S. CONST., art. III, § 2, cl. 1; *Mills v. Green*, 159 U.S. 651, 653 (1895); *Church of Scientology of California v. U.S.*, 506 U.S. 9, 12 (1992). A case is moot when the issues presented are no longer live or no longer present an actual ongoing controversy. *Strong v. Bank of America (In re Strong)*, 312 B.R. 378, 380 (B.A.P. 8th Cir. 2004); *Williams v. Citifinancial Mortgage Co. (In re Williams)*, 256 B.R. 885, 895 (B.A.P. 8th Cir. 2001). A case is no longer live if the reviewing court is incapable of rendering effective relief or restoring the parties to their original positions. *In re Strong*, 312 B.R. at 380; In *re Williams*, 256 B.R. at 895. When circumstances change while an appeal is pending that make it impossible for the court to grant effective relief to a prevailing party, the appeal must be dismissed as moot. *Mills v. Green*, 159 U.S. at 653; *Church of Scientology*, 506 U.S. at 12; *In re Williams*, 256 B.R. at 895.

In the present case, the Creditor was seeking relief from the automatic stay to offset funds in its possession – the tax refund and the economic stimulus payment – against the Debtor's post-petition tax liability. Once the Creditor released the funds, it no longer had an obligation to the Debtor. Absent mutual obligations, no right of setoff exists. *Citizens Bank of Maryland v. Strumpf*,

---

[2] The parties stipulated at oral argument that the Creditor had paid the tax refund to the Debtor. After oral argument, counsel for the Debtor submitted a letter to this court advising that the Creditor has also paid the stimulus payment to the Debtor.

3

516 U.S. 16, 18 (1995). Therefore, even if this Court were to reverse the bankruptcy court, the Creditor no longer possesses a right of setoff. See *Van Iperen v. Prod. Credit Ass'n of Worthington (In re Van Iperen)*, 819 F.2d 189, 191 (8th Cir. 1987)("Once collateral is taken and converted into cash, no court is able to formulate adequate relief. . ."). It is impossible for this Court to grant the Creditor effective relief. Accordingly, the appeal is dismissed as moot.

———————————