**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 95-2976

_____

| | | |
|---|---|---|
| Community Publishers, Inc.; Shearin, doing business as Shearin & Company Realtors, Inc., | * | |
| | * | |
| | * | |
| | * | |
| Plaintiffs - Appellees, | * | |
| | * | |
| v. | * | |
| | * | |
| DR Partners, doing business as Donrey Media Group; Thomson Newspapers, Inc.; Northwest Arkansas Times, | * | |
| | * | Appeals from the United States |
| | * | District Court for the |
| | * | Western District of Arkansas. |
| Defendants, | * | |
| | * | |
| NAT, L.C., | * | |
| | * | |
| Defendant - Appellant, | * | |
| | * | |
| Little Rock Newspaper, doing business as Arkansas Democrat-Gazette, Inc., | * | |
| | * | |
| | * | |
| Movant. | * | |
| ---------------------------- | * | |
| | * | |
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| NAT, Inc., | * | |

```
                                          *
          Defendant - Appellant,          *
                                          *
DR Partners, doing business as Donrey     *
Media Group, Inc.,                        *
                                          *
          Defendants.                     *
------------------------------            *
                                          *
Freedom Communications, Inc.,             *
                                          *
          Amicus Curiae.                  *
```

_____

No. 95-3165

_____

```
Community Publishers, Inc.; Shearin,      *
doing business as Shearin & Company       *
Realtors, Inc.,                           *
                                          *
          Plaintiffs - Appellees,         *
                                          *
     v.                                   *
                                          *
DR Partners, doing business as Donrey     *
Media Group,                              *
                                          *
          Defendant - Appellant,          *
                                          *
Thomson Newspapers, Inc.; Northwest       *
Arkansas Times; NAT, L.C.,                *
                                          *
          Defendants,                     *
                                          *
Little Rock Newspaper, doing business     *
```

as Arkansas Democrat-Gazette, Inc.,      *
                                         *
                    Movant.              *
---------------------------              *
                                         *
United States of America,                *
                                         *
                 Plaintiff - Appellee,   *
                                         *
        v.                               *
                                         *
NAT, Inc.; DR Partners, doing business   *
as Donrey Media Group, Inc.,             *
                                         *
                 Defendants.             *
-------------------------------          *
                                         *
Freedom Communications, Inc.,            *
                                         *
                 Amicus Curiae.          *

_____

No. 95-3355

_____

Community Publishers, Inc.; Shearin,     *
doing business as Shearin & Company      *
Realtors, Inc.,                          *
                                         *
                 Plaintiffs - Appellees, *
                                         *
        v.                               *
                                         *
DR Partners, doing business as Donrey    *
Media Group; Thomson Newspapers,         *
Inc., Northwest Arkansas Times,          *

|                                                        |     |
|--------------------------------------------------------|-----|
|                                                        | *   |
| Defendants,                                            | *   |
|                                                        | *   |
| NAT, L.C.,                                             | *   |
|                                                        | *   |
| Defendant - Appellant,                                 | *   |
|                                                        | *   |
| Little Rock Newspaper, doing business                  | *   |
| as Arkansas Democrat-Gazette, Inc.,                    | *   |
|                                                        | *   |
| Movant.                                                | *   |

--------------------------

|                                                        |     |
|--------------------------------------------------------|-----|
| United States of America,                              | *   |
|                                                        | *   |
| Plaintiff,                                             | *   |
|                                                        | *   |
| v.                                                     | *   |
|                                                        | *   |
| NAT, Inc., DR Partners, doing business                 | *   |
| as Donrey Media Group, Inc.,                           | *   |
|                                                        | *   |
| Defendants.                                            | *   |

-------------------------------

|                                                        |     |
|--------------------------------------------------------|-----|
| Freedom Communications, Inc.,                          | *   |
|                                                        | *   |
| Amicus Curiae.                                         | *   |

_____

No. 95-3358

_____

|                                                        |     |
|--------------------------------------------------------|-----|
| Community Publishers, Inc.; Shearin,                   | *   |
| doing business as Shearin & Company                    | *   |
| Realtors, Inc.,                                        | *   |

|                                                                      |     |
|----------------------------------------------------------------------|-----|
|                                                                      |  *  |
| Plaintiffs - Appellees,                                              |  *  |
|                                                                      |  *  |
| v.                                                                   |  *  |
|                                                                      |  *  |
| DR Partners, doing business as Donrey Media Group,                   |  *  |
|                                                                      |  *  |
| Defendant - Appellant,                                               |  *  |
|                                                                      |  *  |
| Thomson Newspapers, Inc.; Northwest Arkansas Times; NAT, L.C.,       |  *  |
|                                                                      |  *  |
| Defendants,                                                          |  *  |
|                                                                      |  *  |
| Little Rock Newspaper, doing business as Arkansas Democrat-Gazette, Inc., |  *  |
|                                                                      |  *  |
| Movant.                                                              |  *  |

---------------------------

United States of America,

           Plaintiff,

    v.

NAT, Inc.; DR Partners, doing business as Donrey Media Group, Inc.,

           Defendants.

-------------------------------

Freedom Communications, Inc.,

           Amicus Curiae.

_____

Submitted:  April 11, 1996
Filed:  March 25, 1998
_____

Before BOWMAN, WOLLMAN, and HANSEN, Circuit Judges.
_____

BOWMAN, Circuit Judge.

NAT, L.C. (NAT) and DR Partners d/b/a Donrey Media Group (Donrey) appeal from the judgment and amended judgment of the District Court.[1]  The case concerns the lawfulness of a newspaper acquisition.  After a bench trial, the court (1) held that NAT's acquisition of the Northwest Arkansas Times (the Times) violated Section 7 of the Clayton Act, 15 U.S.C. § 18, (2) ordered NAT and Thomson Newspapers, Inc. (Thomson), from which NAT had purchased the Times, to rescind the transaction, and (3) awarded attorney fees and costs to Community Publishers, Inc. (CPI) and Shearin Inc. d/b/a Shearin & Company Realtors (Shearin), the private plaintiffs who challenged the acquisition.[2]  Thomson's motion to stay the rescission order pending the disposition of these appeals having been denied, rescission has taken place and Thomson has sold the Times to a third party.[3]

_____

[1]The Honorable H. Franklin Waters, United States District Judge for the Western District of Arkansas.  The opinion of the court is reported at Community Publishers, Inc. v. Donrey Corp.,892 F. Supp. 1146 (W.D. Ark. 1995).

[2]The United States also filed a Section 7 case against NAT and Donrey.  The District Court consolidated the cases for trial.

[3]The private plaintiffs have filed a motion to dismiss these appeals as moot.  That motion is denied.  An issue raised by NAT and Donrey is whether the District Court erred in awarding attorney fees and costs to the private plaintiffs.  The award of fees and costs can be sustained only if the private parties are found to be prevailing parties.

Plaintiffs' theory of the case, which the findings and conclusions of the District Court fully support, is that the acquisition of the Times by NAT likely would have anticompetitive effects in the local daily newspaper business, because the acquisition would result in NAT and Donrey, both under the common control of Jack Stephens and his family, owning both the Times and the Morning News of Northwest Arkansas (the Morning News), the two leading local daily newspapers, together having a dominant market share, in the relevant geographic market. Seeking reversal and dismissal of the complaint, NAT and Donrey challenge virtually all the key aspects of the District Court's findings and conclusions. We shall address seriatim the issues raised. The facts of the case are described in detail in the District Court's lengthy opinion. We shall discuss them only to the extent appropriate to our resolution of the issues.

## I.

Appellants argue the District Court erred in determining that the private plaintiffs, CPI and Shearin, suffered antitrust injury.[4] We disagree.

CPI, which asserted standing as a competitor of the Times, was required to show injury or "loss of profits from practices forbidden by the antitrust laws." Cargill, Inc. v. Monfort of Colo., Inc., 479 U.S. 104, 116 (1986). Though "Cargill has imposed significant barriers to competitor attempts to enjoin merger transactions," Phototron Corp. v. Eastman Kodak Co., 842 F.2d 95, 102 (5th Cir.), cert. denied, 486 U.S. 1023 (1988), here the District Court found that CPI's profits were threatened in various ways

See Clayton Act § 16, 15 U.S.C. § 26; Fed. R. Civ. P. 54(d). We must decide the various arguments for reversal asserted by NAT and Donrey before we can say whether the private plaintiffs are in fact, at the end of the day, prevailing parties. These appeals therefore are not moot.

[4]The standing of the United States to maintain its Section 7 action is unchallenged. Resolution of this issue affects only the private plaintiffs.

by the anticompetitive aspects of the challenged acquisition of the Times. See 892 F. Supp. 1166-67. Having reviewed the record, we cannot say the District Court's findings on this point are clearly erroneous. We therefore must agree with the District Court that "this is one of those rare cases [in which] a competitor plaintiff has successfully proved a threat of antitrust injury." Id.

As to Shearin, the District Court found a threat of antitrust injury based upon Shearin's status as a purchaser of advertising in the Morning News. Shearin alleged that a combination of the Times and the Morning News would raise advertising rates as a result of the two newspapers' dominant market position. The threat of higher prices resulting from dominant market power being a primary concern of Section 7, the District Court correctly determined that Shearin had shown antitrust injury.

## II.

NAT and Donrey contend the District Court erred in aggregating their interests for the purpose of determining whether the acquisition violated Section 7. Appellants argue that because the Stephens family interests that own NAT are somewhat different from the array of Stephens family interests that own Donrey, and no single family member or set of family members possesses more than a minority interest in either NAT or Donrey, there is no reason to believe that NAT and Donrey would act in concert to dominate the newspaper business in northwest Arkansas. The District Court determined, however, based on a careful consideration of the evidence, that the Stephens family could be expected to act in a coordinated way to maximize the wealth of the family as a whole. Specifically, the court found "that the various members of the Stephens family do not pursue separate interests or compete against each other in any way." Id. at 1170-71. The court's findings on this point are not clearly erroneous. Thus, it was proper for the District Court to aggregate the interests of NAT and Donrey for purposes of Section 7 analysis. Cf. Copperweld Corp. v. Independence Tube Corp., 467 U.S. 752, 771 (1984) (holding that two or more legally separate and

distinct, although related, entities are not distinct for purposes of conspiring under the Sherman Act because they are not "independent sources of economic power . . . pursuing separate interests").

### III.

Appellants also contend the District Court erred in defining the relevant geographic market for purposes of Section 7. The court defined the relevant geographic market as northwest Arkansas, encompassing Washington and Benton Counties. The court found that the term "Northwest Arkansas" has come to stand for "an increasingly integrated economic, social and political unit which just happens to be located in the northwest corner of the state." 892 F. Supp. at 1157. In addition, the court found that the Times and the Morning News strongly compete against each other for readers and advertisers in Washington County, and that the Benton County Daily Record (the Daily Record), published by CPI, and the Morning News compete with one another in Benton County. We have reviewed the record and conclude we cannot say any of these findings are clearly erroneous. Accordingly, the District Court's definition of the relevant geographic market must stand.

### IV.

Appellants argue the District Court erred in defining the product market for purposes of Section 7. The court found that the relevant product market for antitrust purposes is the local daily newspaper market. This is, as the court also found, in fact two markets: one for readers and one for advertisers. Based on the evidence presented, including expert testimony, the court rejected the view that in northwest Arkansas national and state newspapers can be considered to compete with the local daily newspapers, either for readers or advertisers. The court made a similar finding with respect to radio, television, and circulars and junk mail.

We recognize that properly defining the relevant product market is a critical and often difficult task. We also recognize that trial records could be made in a case of this sort that would persuade the factfinder the product market is in fact broader than just local daily newspapers. Indeed, we acknowledged as much in <u>Midwest Radio Co. v. Forum Publishing Co.</u>, 942 F.2d 1294, 1297 (8th Cir. 1991), in which we affirmed a summary judgment for the defendant on a claim of monopolization under the Sherman Act because the plaintiff presented no evidence to counter the defendant's evidence that other media were part of the relevant product market for advertisers. But such determinations are necessarily fact intensive and must be based on evidence that describes real markets, not hypothetical ones. We are not yet ready to say that for antitrust purposes local daily newspapers and other media outlets always occupy the same product market. Having reviewed the record made in this case, we are satisfied the District Court did not clearly err in limiting the product market to local daily newspapers. In fact, on this record we believe it would be a considerable stretch to find otherwise.

## V.

Appellants argue the District Court erred in determining it was reasonably probable the acquisition of the Times by NAT would substantially lessen competition in violation of Section 7. The District Court found that the combination of the Times and the Morning News under the ownership of the Stephens family resulted in the combination's having in excess of 84% of the readers and 88% of the advertising revenue of local daily newspapers in northwest Arkansas, with the Daily Record holding the smallish remainder. These high combined market shares of the two Stephens newspapers clearly raised a presumption that the acquisition violated Section 7. <u>See</u> <u>United States v. Philadelphia Nat'l Bank</u>, 374 U.S. 321, 364 (1963) (holding presumptively illegal a merger that would result in single bank controlling 30% of market in which the largest four banks after the merger together would have a 78% share). Further, the court found that NAT and Donrey had failed to rebut the

presumption of illegality. In particular, the court found that barriers to entry are formidable in the local daily newspaper business, rejecting defendants' arguments to the contrary. Based on our review of the record, we do not believe any of the court's findings are clearly erroneous. These findings of fact lead inexorably to the conclusion that NAT's acquisition of the Times violated Section 7 by creating a reasonable probability of a substantial lessening of competition in the local newspaper business in northwest Arkansas.

## VI.

Finally, appellants object to the award of attorney fees and costs to CPI and Shearin. Because our review of the case leaves the status of CPI and Shearin as prevailing parties intact, they clearly are entitled to recover reasonable attorney fees and costs. Appellants' arguments to limit the attorney fees and costs awarded are unpersuasive. The award of attorney fees and costs is sustained.

## VII.

We have considered all the arguments raised by NAT and Donrey, and we find no basis for reversal. The decision of the District Court is affirmed. The motion of NAT and Donrey to supplement the record is denied.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-11-