**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**
No. 97-3156

| | | |
|---|---|---|
| Robert Hickman; Christopher Barber; Jerry Newman; Donald Lane, | * | |
| | * | |
| | * | |
| | * | |
| Plaintiffs-Appellees, | * | |
| | * | |
| v. | * | Appeal from the United States District |
| | * | Court for the Western District of |
| State of Missouri, | * | Missouri. |
| | * | |
| Defendant-Appellant; | * | |
| | * | |
| Mel Carnahan, Governor, | * | |
| | * | |
| Defendant; | * | |
| | * | |
| Missouri Department of Corrections, | * | |
| | * | |
| Defendant-Appellant; | * | |
| | * | |
| Dora B. Schriro, | * | |
| | * | |
| Defendant; | * | |
| | * | |
| Division of Adult Institutions, | * | |
| | * | |
| Defendant-Appellant; | * | |
| | * | |
| George Lombardi, | * | |
| | * | |
| Defendant; | * | |
| | * | |

Division of Classification
and Treatment,

        Defendant-Appellant;

R. Dale Riley,

        Defendant;

Western Missouri Correctional Center,

        Defendant-Appellant;

Mike Kemna; Correctional Medical
Services; William Wade,

        Defendants.

_____

Submitted: March 12, 1998

Filed: May 19, 1998

_____

Before FAGG, ROSS and BOWMAN, Circuit Judges

_____

ROSS, Circuit Judge.

The State of Missouri, the Missouri Department of Corrections, the Division of Classification and Treatment, and the Western Missouri Correctional Center (WMCC) (collectively referred to as defendants) appeal from a judgment of the district court granting declaratory relief to plaintiffs, former inmates at WMCC, on their claims under

the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213 (ADA).[1]  Because we agree with defendants that plaintiffs' claims were moot, we vacate the judgment.

In 1994, Robert Hickman, Christopher Barber, Jerry Newman and Donald Lane, paraplegics who were confined at WMCC, filed a complaint alleging ADA violations in the prison's facilities and services.[2]  By the time of the district court's July 1997 opinion, plaintiffs had been released on parole.  Because of their release and because defendants "had substantially complied with the ADA" as to on-site facilities and "were continuing to correct deficiencies[,]" the court refused to grant injunctive relief.[3]  However, the court granted plaintiffs' request for declaratory relief, finding that certain of WMCC's facilities and programs violated the ADA.

On appeal, the State argues that the district court lacked subject matter jurisdiction to issue declaratory relief because plaintiffs' claims were moot at the time of the court's decision.  We agree.  "Federal courts are courts of limited jurisdiction and can only hear actual 'cases or controversies' as defined under Article III of the Constitution." Neighborhood Transp. Network, Inc. v. Pena, 42 F.3d 1169, 1172 (8th Cir. 1994). "When a case . . . no longer presents an actual, ongoing case or controversy, the case is moot and the federal court no longer has jurisdiction to hear it."

---

[1]Before trial, plaintiffs dismissed Correctional Medical Services as a defendant. Also, before trial, the district court granted the individual defendants' motion for summary judgment on the grounds of qualified immunity.  Plaintiffs have not appealed that decision.

[2]At trial, the court granted Barber's motion to withdraw from the case.

[3]Plaintiffs have not cross-appealed the district court's denial of injunctive relief or any other aspect of the court's judgment.

Id.  This requirement applies to all stages of the litigation, id., and "applies with equal force to actions for declaratory judgment as it does to actions seeking traditional coercive relief."  Marine Equip. Management Co. v. United States, 4 F.3d 643, 646  (8th Cir. 1993).

Because plaintiffs have been released on parole and are no longer confined at WMCC, their claims are moot.  See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (ordinarily claim "to improve prison conditions is moot if [plaintiff] is no longer subject to those conditions").   Contrary to plaintiffs' argument, their claims do not fall within the "capable-of-repetition-yet-evading-review" exception to the mootness doctrine. This exception "applies only in exceptional situations, where the following two circumstances [are] simultaneously present: (1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again[.]"  Spencer v. Kemna, 118 S. Ct. 978, 988 (1998) (internal quotations and citations omitted).

As to the "evading-review" prong, "the focus of our analysis . . . is not on the length of time over which the particular action challenged occurred."  Clark v. Brewer, 776 F.2d 226, 229 (8th Cir. 1985).   "Rather, the proper inquiry is whether the [challenged] activity is by its very nature short in duration, so that it could not, or probably would not, be able to be adjudicated while fully alive."  Id. (emphasis in original; internal quotation omitted).  For example, in Clark, this court held that a challenge to a prison's close management segregation policy satisfied the first prong because the "segregation w[ould] normally terminate and the inmate w[ould] be returned to the general penitentiary population long before a challenge to his

segregation. . . c[ould] be litigated fully."  Id.; see also  Roe v. Wade, 410 U.S. 113, 125 (1973) ("human gestation period is so short that the pregnancy will come to term before the usual appellate process is complete"); Van Bergen v. Minnesota, 59 F.3d 1541, 1547 (8th Cir. 1995) (election issues "are almost invariably of too short a duration in which to complete litigation").

In this case, plaintiffs have not shown that the duration of the alleged illegal conditions is "always so short as to evade review."  Spencer, 118 S. Ct. at 988.  Thus, "[p]utting aside whether this is a case that is 'capable of repetition,' it has not been shown to be of the type that necessarily 'evades review' . . .."  Neighborhood Transp. Network, Inc., 42 F.3d at 1172-73 (footnote omitted).  In other words, although plaintiffs' claims are moot, "[i]t does not follow . . . that similar future cases will evade review."  Id. at 1173.  As the district court stated in denying injunctive relief, if plaintiffs violate their parole and return to WMCC, and the alleged illegal conditions "persist or are repeated," the court can "deal with the situation at that time."[4]

We also do not believe that plaintiffs meet the "capable-of-repetition" prong. Relying on Honig v. Doe, 484 U.S. 305 (1988), plaintiffs argue that given their history, there is "a reasonable expectation" that at least one of them will violate parole and return to WMCC.  Their reliance on Honig is misplaced.  In Honig, the Supreme Court emphasized that "for purposes of assessing the likelihood that state authorities will reinflict a given injury, [courts] generally have been unwilling to assume that the party seeking relief will repeat the type of misconduct that would once again place him or her

---

[4]The Seventh Circuit has indicated that the capable-of-repetition doctrine applies "without discriminating between claims for declaratory relief and claims for injunctive relief."  Higgason v. Farley, 83 F.3d 807, 811 (7th Cir. 1996).

at risk of that injury." Id. at 320. However, "[g]iven the unique circumstances and context of th[e] case," the Court was willing to assume that a plaintiff whose "very inability to conform his conduct to socially acceptable norms that render[ed] him 'handicapped'" would "again engage in the type of misconduct that precipitated th[e] suit." Id. at 320-21. In contrast, here, plaintiffs are "in control of the type of conduct that will put [them] in jail again and subject [them] to the same deprivations alleged in [their] complaint." Reimers v. Oregon, 863 F.2d 630, 632 n.4 (9th Cir. 1988). Indeed, they are " 'required by law--to prevent such a possibility from occurring.' " Spencer v. Kemna, 91 F.3d 1114, 1118 (8th Cir. 1996) (quoting Lane v. Williams, 455 U.S. 624, 632-33 n.13 (1982)), aff'd, 118 S. Ct. 978 (1998).[5]

Nor, contrary to plaintiffs' argument, does the voluntary-cessation doctrine save their claims from being moot. It is true that "[g]enerally, the 'voluntary cessation of allegedly illegal conduct . . . does not make the case moot.' " United States v. Mercy Health Serv., 107 F.3d 632, 636 (8th Cir. 1997) (quoting United States v. W.T. Grant Co., 345 U.S. 629, 632 (1953)). However, defendants' compliance with the ADA, including structural changes such as installation of ramps, pull and grab bars, and chair lifts, is far "more than a mere voluntary cessation of alleged illegal conduct, where we would leave [t]he defendant[s] . . . free to return to [their] old ways." Preiser v. Newkirk, 422 U.S. 395, 402 (1975) (internal quotations and citations omitted).

---

[5]Plaintiffs' reliance on Clark v. Brewer, 776 F.2d at 226, is also misplaced. In that case, we held that an inmate's challenge to close management segregation was not moot even though after filing a complaint he had been released from segregation. We found that the case was capable of repetition because it was a "virtual certainty" he would once again be in close management segregation given that at the time of this court's decision he was in punitive detention and, pursuant to a prison regulation, at the completion of the detention, he would be "automatically" returned to close management segregation. Id. at 229.

Moreover, the doctrine is inapplicable because "resumption of the challenged conduct does not depend solely on the defendants' capricious actions." Allen v. Likins, 517 F.2d 532, 535 (8th Cir. 1975) (internal quotation omitted). "The defendants cannot resume their allegedly illegal conduct [as to plaintiffs] until [they] voluntarily commit[] an act justifying [their] parole revocation." Id.

Finally, plaintiffs suggest that there is a general public-interest exception to mootness. In support, they note that this court has not yet decided whether the ADA applies to prisons and assert that it was in the public interest for the district court to do so. However, there is no such exception in federal courts. "[A]lthough state law may save [a] case from mootness based on public interest, federal courts require litigants' rights be affected." Spencer, 91 F.3d at 1118. We note that on April 28, 1998, the Supreme Court in Yeskey v. Pennsylvania Dep't of Corrections, 118 F.3d 168 (3rd Cir. 1997), cert. granted, 118 S. Ct. 876 (1998), heard argument on whether the ADA applies to prisons. We thus decline to address that question at this time.

Accordingly, we vacate the judgment of the district court and remand with directions to dismiss the complaint as moot.[6]

_____

[6]We note that the district court stayed plaintiffs' motion for attorney's fees pending resolution of this appeal. Although in some circumstances an award of fees may save a case from being moot, see Community Publishers, Inc. v. DR Partners, No. 95-2976, 1998 WL 131260, at *4 n.3 (8th Cir. Mar. 25, 1998), as a general rule, and in this case, "a claim for attorneys' fees is . . . not sufficient to save a case from being moot." Neighborhood Transp. Network, Inc., 42 F.3d at 1172 n.2. In fact, even if a case is moot, "[t]his court has recognized the 'catalyst' theory of prevailing parties," which provides that a plaintiff can be a prevailing party for purposes of attorney's fees under 42 U.S.C. § 1988 if " 'his suit is a catalyst for the defendant's voluntary compliance and the defendant's compliance was not gratuitous.' " St. Louis Fire Fighters Ass'n v. City of St. Louis, 96 F.3d 323, 330-31 (8th Cir. 1996) (quoting Little

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT

---

Rock Sch. Dist. v. Special Sch. Dist. 1, 17 F.3d 260, 262 (8th Cir. 1994)). At this time, we leave to the district court's discretion whether to award attorney fees and, if so, in what amount.