# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 21-6002

_____

In re: Anthony Ray Lincoln

*Debtor*

------------------------------

Anthony Ray Lincoln

*Debtor - Appellant*

v.

James L. Snyder

Acting *U.S. Trustee - Appellee*

_____

Appeal from United States Bankruptcy Court
for the Southern District of Iowa - Council Bluffs

_____

Submitted: July 21, 2021
Filed:  July 28, 2021

_____

Before SALADINO, DOW and RIDGWAY, Bankruptcy Judges.

_____

SALADINO, Bankruptcy Judge

The Appellant, Anthony Ray Lincoln, timely appeals the bankruptcy court's[1] order denying his motion for relief from a previous order denying his request for a waiver of the Bankruptcy Code's credit counseling requirement.

We have jurisdiction over this appeal from the final order of the bankruptcy court. *See* 28 U.S.C. §158(b). For the reasons that follow, we dismiss the appeal as moot.

## BACKGROUND & DISCUSSION

Mr. Lincoln initiated his bankruptcy case without the assistance of an attorney by filing his voluntary Chapter 7 bankruptcy petition, schedules, and Statement of Financial Affairs on December 23, 2020. He also filed an application to waive the filing fee, which was granted, and a motion to waive the credit-counseling requirement of 11 U.S.C. § 109(h).

The motion to waive credit counseling explained that Mr. Lincoln[2] is an indigent prisoner with no income and no assets and is unable to attend any credit counseling sessions. He further asserted that because he is in prison, "no credit counselor is 'reasonably able to provide adequate services'" under 11 U.S.C. § 109(h)(2)(A). Finally, he explained that as a prisoner, he is unable to participate in credit counseling services, despite efforts to do so, "due to 'incapacity' and has 'describe[d] exigent circumstances that merit a waiver'" under 11 U.S.C. § 109(h)(3).

---

[1] Hon. Anita L. Shodeen, United States Bankruptcy Judge for the Southern District of Iowa.

[2] The motion is captioned in Mr. Lincoln's name and was signed by him, but the body of the motion refers to another individual. The court will attribute this to the debtor's use of an old form without carefully proofreading it.

The United States Trustee (hereafter, "UST") objected to this motion on the basis that the Bankruptcy Code requires debtors to certify that they have received credit counseling within 180 days prior to filing the bankruptcy petition. 11 U.S.C. § 109(h)(1). If exigent circumstances exist which prevent a debtor from obtaining such counseling before filing the petition, the court may grant a temporary exemption from the requirement, for no more than 45 days. 11 U.S.C. § 109(h)(3). The UST pointed out that the only way for a debtor to avoid the credit counseling requirement is to demonstrate mental incapacity, physical disability, or active military duty in a combat zone, 11 U.S.C. § 109(h)(4), and Mr. Lincoln had not presented any evidence of incapacity, disability, or active military service.

The bankruptcy court denied the waiver motion on January 8, 2021, finding that the debtor had provided "no evidence or support for his allegation that incarceration would make him unable to comply with the requirement of 11 U.S.C. § 109(h)(1) to obtain credit counseling[,]" nor did the debtor "include a certification that satisfies the court that any exigent circumstances exist which would merit a waiver of the counseling requirements" under 11 U.S.C. § 109(h)(3).

Mr. Lincoln then filed a motion to reconsider[3] the denial, pointing out that another judge on the court had waived credit counseling in two cases for prisoners in the same facility as Mr. Lincoln. He further asserted that the Covid-19 pandemic and his status as a prisoner prevented access to credit counseling, and that he had established his indigency, which he argued should be an exigent circumstance excusing his compliance with the counseling requirement.

The bankruptcy court denied the motion on February 5, 2021, explaining that under the law of the Eighth Circuit, incarceration does not warrant a waiver of the requirement to receive credit counseling. *Bourgeois v. Bank of America (In re Bourgeois)*, 488 B.R. 622, 627 (B.A.P. 8th Cir. 2013) (stating that debtor's argument

---

[3] This was docketed and treated as a motion for relief from the order denying the waiver request.

that his incarceration warranted a waiver of the credit counseling requirement was without merit). The court further noted that one reason for the initial denial of the waiver motion was the lack of evidence concerning Mr. Lincoln's attempts to obtain credit counseling via telephone or internet. The court also explained that indigency is not a valid statutory exception to the credit counseling requirement, noting that free or low-cost credit counseling services are available.

The bankruptcy court also explained in detail that the remedy sought by Mr. Lincoln is not available to him, because even if his situation were to constitute exigent circumstances, it would merely warrant an additional period of time in which to complete credit counseling. The only way to obtain the relief he seeks – permanent waiver of the credit counseling requirement – would be for him to prove he has a mental incapacity or a physical disability, or is on active military service. Mr. Lincoln did not allege any of those factors.

The UST promptly requested the bankruptcy court to deem the case automatically dismissed on the 46th day after it was filed, pursuant to 11 U.S.C. § 521(i)(1) for failure to file the documents required under 11 U.S.C. § 521(a)(1), and the court granted that request on February 9, 2021.

Mr. Lincoln then filed a notice of appeal "for the decision of February 5th, 2021 dismissing the Bankruptcy petition and all other adverse order[s] therefrom." As noted above, the order entered on February 5th did not dismiss the case, it only explained in more detail why Mr. Lincoln was not entitled to a waiver of the credit counseling requirement. The text order dismissing the case was entered on February 9th. Mr. Lincoln filed his notice of appeal on February 18th, so the dismissal order could have been properly listed and included in the appeal.

However, even if we read the notice of appeal broadly to include the dismissal order, the debtor's appellate brief focuses only on his inability to complete even a free credit counseling course because the prison will not make arrangements for him

to take the course telephonically.[4] The brief does not mention or make any arguments about the dismissal of the case. Appellate procedure requires all arguments that will be made on appeal to be referenced in the party's brief. If they are not, the party is not permitted to rely on them in the appeal. *See Jenkins v. Winter*, 540 F.3d 742, 751 (8th Cir. 2008) ("Claims not raised in an opening brief are deemed waived.").

As it stands, this appeal concerns only the order denying relief from the denial of the credit counseling waiver request. Because the bankruptcy case was subsequently dismissed, a reversal of the waiver denial order would be of no benefit to the debtor; with no case on file, there is no need for a credit counseling certificate. In other words, this appeal is moot, and we lack jurisdiction to grant the relief the debtor seeks. "Once a bankruptcy case is dismissed, issues on appeal relating to the dismissed bankruptcy case are rendered moot." *Spencer v. Labarge (In re Spencer)*, 301 B.R. 730, 733 (B.A.P. 8th Cir. 2003).

> Federal courts are courts of limited jurisdiction and can only hear actual cases or controversies as defined under Article III of the Constitution. *Hickman v. State of Missouri*, 144 F.3d 1141, 1143 (8th Cir. 1998). When a case no longer presents an actual, ongoing case or controversy, the case is moot and the federal court no longer has jurisdiction to hear it. *Id.* "When circumstances change while an appeal is pending that make it impossible for the court to grant 'any effectual relief whatsoever' to a prevailing party, the appeal must be dismissed as moot." *Williams v. Citifinancial Mortgage Co. (In re Williams)*, 256 B.R. 885, 8[95] (8th Cir. BAP 2001).

*Marshall v. Deutsche Bank Nat'l Tr. Co. (In re Marshall)*, 595 B.R. 269, 271 (B.A.P. 8th Cir. 2019) (quoting *Tigue v. Sosne (In re Tigue)*, 363 B.R. 67, 70 (B.A.P. 8th Cir. 2007)).

Accordingly, this appeal is hereby dismissed as moot.

_____

---

[4] This is information that would have been helpful to the bankruptcy court while the waiver request was pending.