# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 22-6011

_____

In re: Timothy Michael Davies,

*Debtor.*

_____

Timothy Michael Davies,

*Debtor – Appellant,*

v.

Diana Spuhl Daugherty,

*Trustee – Appellee.*

_____

Appeal from the United States Bankruptcy Court
for the Eastern District of Missouri

_____

Submitted: May 22, 2023
Filed: June 8, 2023

_____

Before RIDGWAY, HASTINGS, and NORTON, Bankruptcy Judges.

_____

RIDGWAY, Bankruptcy Judge.

Debtor, Timothy Michael Davies, appeals the bankruptcy court's[1] order dated December 15, 2022, which denied Debtor's motion to impose the automatic stay under 11 U.S.C. § 362(c)(4)(B). For the following reasons, we dismiss the appeal for lack of jurisdiction.

## BACKGROUND

On October 12, 2022, Debtor filed a petition under Chapter 13 of the United States Bankruptcy Code. Debtor's recent history of prior bankruptcy filings implicated 11 U.S.C. § 362(c)(4)(A)(i), which provides that—by operation of law— the automatic stay shall not go into effect upon the filing of a bankruptcy case, if a debtor had two or more bankruptcy cases that were pending but dismissed in the previous year. Debtor timely filed a motion to impose the stay in accordance with § 362(c)(4)(B), which the standing trustee opposed and which the bankruptcy court denied. Debtor timely appealed. While the appeal was pending, Debtor's bankruptcy case was dismissed on May 19, 2023.[2]

## JURISDICTION

We have an independent duty to examine our jurisdiction. *Marshall v. McCarty (In re Marshall)*, 613 B.R. 458, 460 (B.A.P. 8th Cir. 2020). We have previously stated that:

> Federal courts are courts of limited jurisdiction and can only hear actual cases or controversies as defined under Article III of the Constitution. *Hickman v. State of Missouri*, 144 F.3d 1141, 1143 (8th Cir. 1998). When a case no longer presents an actual, ongoing case or controversy, the case is moot and the federal court no longer has jurisdiction to hear it. *Id*. "When circumstances change while an appeal is pending that make it impossible for the court to grant 'any effectual relief whatsoever' to a prevailing party, the appeal must be dismissed as

[1] The Honorable Barry S. Schermer, United States Bankruptcy Judge for the Eastern District of Missouri. On December 20, 2022, due to Judge Schermer's retirement, Debtor's bankruptcy case was reassigned to the Honorable Bonnie L. Clair, Chief United States Bankruptcy Judge for the Eastern District of Missouri.
[2] No appeal was taken from the dismissal order.

moot." *Williams v. CitiFinancial Mortgage Co. (In re Williams)*, 256 B.R. 885, 8[95] (B.A.P. 8th Cir. 2001).

*Tigue v. Sosne (In re Tigue)*, 363 B.R. 67, 70, 71 (B.A.P. 8th Cir. 2007). *See also FishDish, LLP,v. VeroBlue Farms USA, Inc. (In re VeroBlue Farms USA, Inc.)*, 6 F.4th 880, 883 (8th Cir. 2021) (under the so-called "equitable mootness" doctrine, "equitable," "prudential," or "pragmatic" considerations may render an appeal of a bankruptcy court decision moot even when the appeal is not constitutionally moot, though district courts must apply a rigorous test in determining whether to invoke the doctrine). In sum:

> An appeal is considered constitutionally moot where there is no longer any live case or controversy to be decided. In ordinary parlance, an appeal is considered equitably moot and will be dismissed if implementation of the judgment or order that is the subject of the appeal renders it impossible or inequitable for the appellate court to give effective relief to an appellant.

*Feeney, Williamson, and Stepan, Bankruptcy Law Manual* § 2:51 (5th ed. 2022) (footnotes omitted).

With the dismissal of Debtor's bankruptcy case, this appeal is constitutionally moot. *Olive St. Inv., Inc. v. Howard Sav. Bank*, 972 F.2d 214, 216 (8th Cir. 1992) ("Once the bankruptcy proceeding is dismissed, neither the goal of a successful reorganization nor the debtor's right to the automatic stay continues to exist."). Since we are without a context in which to provide effective relief to Debtor, the issues raised on appeal are moot.

## CONCLUSION

For the foregoing reasons, this appeal is dismissed for lack of jurisdiction.

---