# UNITED STATES BANKRUPTCY APPELLATE PANEL

FOR THE EIGHTH CIRCUIT

---

No. 97-6087MN

---

In re:                                              *
                                                    *
MICHAEL THOMAS PRASIL,                              *
and LORI LYNN PRASIL,                               *
                                                    *
                    Debtors.        *
                                                    *
                                                    *
LORI LYNN PRASIL,                   *        APPEAL FROM THE UNITED
                                                  *     STATES BANKRUPTCY COURT
                    Appellant,      *        DISTRICT OF MINNESOTA
                                                   *
v.                                                  *
                                                    *
MICHAEL S. DIETZ, Trustee,                       *
                                                    *
and                                                 *
                                                    *
HEARTLAND REALTY, INC.,             *
                                                    *
                    Appellees.      *

---

Submitted: December 2, 1997
Filed:  January 5, 1998

---

Before WILLIAM A. HILL, SCHERMER, and SCOTT, Bankruptcy Judges

SCHERMER, Bankruptcy Judge:

This matter is before the Bankruptcy Appellate Panel on the
Trustee's Motion to Dismiss an appeal of a bankruptcy court[1] order which
approved the sale of the estate's

---

[1]  The Honorable Dennis D. O'Brien, United States Bankruptcy Court for the
District of Minnesota.

interest in an employment law claim by Lori Prasil (the "Debtor") against her former employer.  The Trustee seeks dismissal on the basis of mootness for the reasons that (1) the debtor did not obtain a stay pending appeal, and (2) the Trustee has concluded the sale by tendering a bill of sale to the purchaser in exchange for the agreed cash sale price.  We grant the Motion to Dismiss.

The Trustee, Michael S. Dietz ("Trustee") filed a Notice of Intention to Sell to the Debtor, for $1,000, the bankruptcy estate's interest in an employment law claim which the Debtor held against her former employer.  The former employer, Heartland Realty, Inc. ("Heartland") objected to the sale and offered to pay $1,700 for the claim.  The Trustee withdrew his notice of intent to sell to the Debtor and provided notice of intent to sell to Heartland for the higher amount.   The Debtor objected to the proposed transfer to Heartland. The bankruptcy court directed that an auction be conducted, and, following the bidding process, the Trustee recommended that the court approve the sale of the estate's interest to Heartland for $5,500.  The court orally approved the sale at a hearing on October 1, 1997.  The court's order approving the sale under 11 U.S.C. § 363 was entered on October 14, 1997.  Although this court observes that the Debtor filed her Notice of Appeal four days prior to entry of the order approving the sale, the Debtor did not, however, seek a stay pending appeal.

On November 6, 1997,  Heartland delivered the purchase price of $5,500 to the bankruptcy estate, and the Trustee executed a bill of sale to Heartland conveying the estate's interest in the claim.

2

The Debtor appealed the sale without filing a Motion for Stay Pending Appeal. The Trustee filed this Motion to Dismiss the Appeal on the grounds the appeal became moot when the Trustee consummated the sale and Debtor neglected to obtain a stay pending appeal. The Debtor responds to the Trustee's Motion to Dismiss asserting that Heartland is not a party in interest who should have been allowed to bid at the sale, and that the sale to Heartland is against public policy. Debtor believes the sale to Heartland is against public policy because, through the purchase, Heartland was able to eliminate exposure to the Debtor's employment claim. Additionally, the Debtor asserts that as a pro-se appellant, she was unaware that a stay pending appeal was necessary, and she requests that the court now grant her that stay.

**DISCUSSION**

Whether an appellant's failure to obtain a stay of a sale under section 363 renders the appeal moot is a question of law that we review de novo. In re CGI Indus., Inc., 27 F.3d 296, 298 (7th Cir. 1994). The Bankruptcy Code is explicit in pronouncing the need for a stay pending appeal when the sale of estate property is challenged. Section 363(m) states:

> (m) The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m) (1994). Additionally, Bankruptcy Rule 8005 emphasizes the importance of obtaining a stay pending appeal as quickly as possible. That Rule states

3

in part: "A motion for a stay of the judgment, order or decree of a bankruptcy court, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be made in the first instance in **bankruptcy** court. . . . "

The rule that an appeal from an order approving the sale of an estate asset becomes moot if one fails to seek a stay pending appeal is known as the "finality rule." See Forbes v. Forbes (In re Forbes), BAP Nos. 97-6041, 97-6048, 1997 WL 754596 at *10 (B.A.P. 8th Cir. Dec. 9, 1997). The rationale for the rule is two-fold. First, it reflects the judicial doctrine which states that an appeal may be rendered moot when the occurrence of certain events prevents an appellate court from granting effective relief. Second, with respect to sales of estate property, the rule reflects the importance of encouraging finality in bankruptcy sales by protecting good-faith purchasers. Veltman v. Whetzal, 93 F.3d 517, 521 n.4 (8th Cir. 1996); In re CGI Indus., Inc., 27 F.3d at 299.

The Eighth Circuit and other circuits have consistently adhered to the finality rule and held that failure to obtain a stay pending appeal of an order permitting sale of estate assets renders the appeal moot. Forbes, 1997 WL 754596 at *10; Van Iperen v. Production Credit Ass'n (In re Van Iperen), 819 F.2d 189, 190 (8th Cir. 1987) (holding that "[o]nce collateral is taken and converted into cash, no court is able to formulate adequate relief to the debtor."); In re UNR Indus., Inc., 20 F.3d 766, 769 (7th Cir. 1994) (once a sale has gone forward, the positions of the interested parties have changed, and . . . the court is faced with the unwelcome prospect of "unscrambl[ing] an egg.") quoted

4

in, CGI Industries, Inc., 27 F.3d at 299-300; Markstein v. Massey

Assocs., Ltd., 763 F.2d

1325 (11th Cir. 1985); <u>Park Plaza Assocs. Ltd. Partnership v. Connecticut Gen. Life Ins. Co.</u> (<u>In re 255 Park Plaza Assocs. Ltd. Partnership</u>), 100 F.3d 1214 (6th Cir. 1996).

Because a stay pending appeal must be made in the first instance and, at a minimum, before transfer of the property sold, the Debtor's request for stay contained in her Response to the Trustee's Motion to Dismiss is denied. Further, upon review of the record, we find that the sale was properly noticed and that no grounds exist to conclude that Heartland's purchase was contrary to public policy. The Trustee's obligation in a Chapter 7 proceeding is to maximize value to the estate from liquidation of the debtor's assets. The record reflects that Heartland's successful bid exceeded the Debtor's prior bid by several thousand dollars. When the Trustee originally sought approval of the prior offer to purchase the estate's interest in the litigation, Heartland objected and offered considerably more value for the estate. Thus, Debtor's opposition to the Motion to Dismiss and her substantive comments on the validity of the sale are unpersuasive.

Accordingly, we grant Trustee's Motion to Dismiss, and hereby dismiss the appeal as moot.


A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL FOR THE
EIGHTH CIRCUIT

6