# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2632

_____

In re: Marco A. Rodriquez and
Vanessa M. Rodriquez,

     Debtors.

_____

Mark E. Nieters,

     Appellee,

     v.

Gary L. Sevcik,

     Appellant,

Anita L. Shodeen, Trustee,

     Appellee.

Appeal from the United States
District Court for the
Southern District of Iowa.

[PUBLISHED]

_____

Submitted: May 17, 2001
Filed: August 2, 2001

_____

Before WOLLMAN, Chief Judge, HANSEN, Circuit Judge, and BARNES,[1] District
    Judge.

_____

[1]The Honorable Harry F. Barnes, United States District Judge for the Western
District of Arkansas, sitting by designation.

_____

PER CURIAM.

Gary L. Sevcik appeals from the district court's order reversing the bankruptcy court and reinstating an order approving a sale of real estate to Mark E. Nieters. While this appeal was pending, and with no stay pending appeal to inhibit her action, the Chapter 7 Trustee issued a court officer's deed to Nieters for the property. The Trustee and Nieters contend that because the sale is complete, this appeal is moot. We agree.

Sevcik argues that this court is barred from considering whether the appeal is moot because an administrative panel of this court previously denied the Trustee's motion to dismiss based on mootness in an order filed September 22, 2000. We believe that a hearing panel of this court to whom the entire case has been referred for disposition is free to revisit a motion to dismiss for want of appellate jurisdiction even though an administrative panel of the court has previously denied such a motion. See United States v. City of Milwaukee, 144 F.3d 524, 526 n.1 (7th Cir. 1998) (reconsidering a motion to dismiss previously denied by a motions panel); United States v. Houser, 804 F.2d 565, 568 (9th Cir. 1986) (same); see also United States v. Morgan, 244 F.3d 674, 675 (8th Cir. 2001) (en banc) (acknowledging that an Eighth Circuit hearing panel in a habeas case can consider sua sponte issues beyond those upon which an administrative panel has granted a certificate of appealability). "Decisions by motions panels are summary in character, made often on a scanty record, and not entitled to the weight of a decision made after plenary submission." City of Milwaukee, 144 F.3d at 526 n.1 (internal quotations omitted). Furthermore, challenges to the court's jurisdiction may be raised at any stage of the proceedings. See Olin Water Servs. v. Midland Research Labs., Inc., 774 F.2d 303, 306 (8th Cir. 1985) (raising mootness issue sua sponte). We conclude that the administrative panel's ruling denying the Trustee's motion to dismiss does not affect our hearing panel's ability to make a final ruling on the issue of mootness upon full and final submission of the case for disposition.

Sales in bankruptcy cases are not subject to modification by an appellate court unless the appellant receives a stay pending appeal. In re Wintz Cos., 219 F.3d 807, 811 (8th Cir. 2000). Generally, federal courts are not empowered to give opinions on moot questions or declare rules of law which cannot affect the matter in issue in the case before it. Church of Scientology v. United States, 506 U.S. 9, 12 (1992). If, while an appeal is pending, an event occurs that eliminates the court's ability to provide any effectual relief whatever, the appeal must be dismissed as moot. In re Security Life Ins. Co., 228 F.3d 865, 870 (8th Cir. 2000). In bankruptcy appeals, the "finality rule" within 11 U.S.C. § 363 (1994) prevents the overturning of a completed sale to a good-faith purchaser in the absence of a stay. In re Wintz Cos., 219 F.3d at 811. This rule protects the finality of bankruptcy sales and the reasonable expectations of good-faith third-party purchasers. Veltman v. Whetzal, 93 F.3d 517, 521 n.4 (8th Cir. 1996). It also reflects the inability of courts to supply a remedy once property has left the bankruptcy estate. Id.; see also In re Van Iperen, 819 F.2d 189, 191 (8th Cir. 1987) (per curiam).

Sevcik argues that Nieters is not a good-faith purchaser. He asserts the record is replete with unexplained activity that appears to support a claim of lack of good faith and possible collusion between Nieters and the Trustee. Sevcik did not challenge Nieters' status as a good-faith purchaser before the bankruptcy court, although he had the opportunity while objecting to the court's initial approval of the sale to Nieters. Nor did Sevcik raise the issue to the district court. His first specific assertion that Nieters was not a good-faith purchaser arose in his resistance to the Trustee's motion to dismiss before this court. As such, the issue was not preserved for appeal. See Veltman, 93 F.3d at 522; In re Ginther Trusts, 238 F.3d 686, 689 (5th Cir.) (refusing to consider challenge regarding good faith of purchaser where not presented to the bankruptcy court), petition for cert. filed, 69 U.S.L.W. 3730 (U.S. Apr. 30, 2001) (No. 00-1666).

3

Nieters became the owner of the real estate when he received the Trustee's court officer's deed after the district court had reinstated the bankruptcy court's order approving the sale. Nieters was entitled to treat the district court's order as a final order and to accept the Trustee's deed absent a stay pending appeal. Sevcik's failure to obtain a stay renders this appeal moot.

Accordingly, we dismiss the appeal.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

4