# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

———————————

No. 01-6032EM

_____

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Joseph Fields, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| | * | |
| Joseph Fields, | * | |
| | * | Appeal from the United |
| Debtor - Appellant. | * | States Bankruptcy Court |
| | * | for the Eastern District of |
| v. | * | Missouri |
| | * | |
| Option One Mortgage Corporation, | * | |
| | * | |
| Movant - Appellee. | * | |
| | * | |
| | * | |
| | * | |

———————

Submitted:  August 10, 2001
Filed: September 10, 2001

———————

Before KOGER, WILLIAM A. HILL, and DREHER, Bankruptcy Judges.

———————

DREHER, Bankruptcy Judge.

This is an appeal from an order of the bankruptcy court [1] dated May 9, 2001, which granted the Appellee, Option One Mortgage Corp ("Option One"), relief from the automatic stay to foreclose its mortgage on the property owned by Joseph Fields ("Debtor"). For the reasons stated below, we dismiss the appeal.

FACTS and PROCEDURAL HISTORY

On December 30, 1996, Debtor and his spouse, Christine Green-Fields, executed a Note in the amount of $21,000 in favor of Option One and granted Option One a mortgage on certain property located in St Louis, Missouri ("the property"). The Fields defaulted on their payments and Option One commenced foreclosure proceedings. In response, Christine Green-Fields filed a Chapter 13 petition for relief on March 9, 1999. As a consequence, Option One's foreclosure sale, scheduled for March 10, 1999, was halted. Option One moved for relief from the automatic stay and an agreed order was entered requiring mortgage payments be made timely. This first Chapter 13 case was dismissed on September 15, 2000 for failure to make plan payments.

Option One then recommenced foreclosure proceedings. On November 7, 2000, one day prior to the second foreclosure sale, Christine Green-Fields filed her second Chapter 13 case which again halted the sale. This second case was dismissed on March 8, 2001 for failure to make plan payments. Option One again recommenced foreclosure proceedings with the third foreclosure sale scheduled to occur on May 2, 2001. In response, Debtor filed the instant Chapter 13 bankruptcy case on April 30, 2001. Option One deferred the foreclosure sale to May 9, 2001, the maximum time allowed by Missouri law and filed a motion to dismiss the bankruptcy case, or, in the alternative, for relief from the automatic stay. The hearing was held on

_____

[1] The Honorable James J. Barta, United States Bankruptcy Judge for the Eastern District of Missouri.

May 9, 2001.  Option One asserted that it was owed approximately $30,000 on the Note, which was at that time more than $9,000 delinquent.  There had been no payments since April 20, 2000.  Option One sought dismissal under Section 1325(a)(3) of the Bankruptcy Code for cause, including lack of good faith.  It also sought relief from the stay, arguing that the Debtor had no equity in the property and the property was not necessary for an effective reorganization.  Option One also sought an order prohibiting Debtor from filing a new bankruptcy petition for 180 days.

Debtor was represented by counsel who appeared and defended the motion. Debtor was also present.  At the hearing, Debtor's counsel advised the court that Debtor was prepared to testify that the value of the property was $29,000 or $30,000. Option One accepted the Debtor's statement of such value and established that the property was encumbered with a second mortgage, delinquent taxes, and a sewer district lien.  In all, the liens against the property exceeded $45,700.  In response, Debtor's counsel merely argued that Debtor believed the amount of the debt was not as high as had been stated by Option One, but upon inquiry from the court, indicated that the Debtor had no proof to support such a position.

The bankruptcy court rendered it decision from the bench and granted the motion for relief from stay making it effective immediately.  The bankruptcy court found that the Debtor had no equity in the property and that the property was not necessary for an effective reorganization.  The bankruptcy court declined to allow the Debtor further time to gather evidence to support his position that the amount of the debt was less than as stated.  The bankruptcy court noted that the Debtor had considerable time to assess the state of the debt over the several years during which the property had been protected by the automatic stay.  Accordingly, it refused to dismiss the case and refused to bar the Debtor from making additional filings for 180 days.

3

At the conclusion of the hearing, Debtor's counsel left and the bankruptcy court took a short recess before going on to another matter. At the commencement of this new unrelated matter, Debtor came into the courtroom and asked to be allowed to make an additional record. The bankruptcy court allowed the Debtor to make a statement, during which he argued that the amount of the debt was less than was represented by Option One. The bankruptcy court indicated to the Debtor that, if that was so, he needed evidence, not argument.

Option One proceeded with the foreclosure sale on May 9, 2001. At that time, Option One bid in the property at $32,190.17 and took title. Thereafter, Option One proceeded with an eviction against the Debtor and his wife and a hearing was held in state court on July 9, 2001. At that time, both Christine Green-Fields and Debtor appeared and entered into consent judgments to vacate the property. While they both agreed to vacate the property no later than August 5, 2001, at the time of the filing of the briefs in this appeal the property was still occupied. Debtor asserts in his papers that he has now vacated the property.

## DECISION

The Debtor has filed this appeal on a pro se basis and his papers fail in numerous ways to comply with the Rules of this Appellate Panel. Nonetheless, we have construed his papers and from these we find his arguments to be the following. First, he argues that the trial court improperly granted relief from stay because the amount of the debt owed was less than asserted by Option One. Debtor also complains that he had an appraisal on the property, which valued it at approximately $55,000, that the trial court ignored.[2] He complains that his counsel did not present

---

[2]An appraisal is attached to a document filed by Debtor titled "Motion to Supplement the Record on Appeal." The appraisal was not a part of the bankruptcy court's record and cannot be construed as evidence. Interestingly,

the evidence to make these points properly to the bankruptcy court and that it is unfair for him to be branded with the actions which occurred in the prior two bankruptcy cases. Debtor argues that the bankruptcy court acted improperly in not letting him have more time to gather his records so that he could prove these matters himself. In short, he argues that, for reasons having largely to do with alleged inadequate representation by his counsel and the bankruptcy court's unwillingness to give him an opportunity to gather evidence to present his case on his own, he improperly lost his property.

Option One responds that the bankruptcy court properly found that the Debtor's filing was in bad faith and points especially to the prior filings, the long delay in making any payments on the mortgage, and the fact that each of the cases was filed on the eve of foreclosure and was targeted at a single creditor. Option One also asserts that, in light of the concession of Debtor's counsel at the hearing that the property was valued at $29,000 to $30,000 and Debtor's statement that it was valued at $35,000, the bankruptcy court was correct in finding that the Debtor had no equity in the property.

Neither party has addressed the controlling issue. The plain and undisputed fact is that the property has been foreclosed upon and title has transferred to Option One pursuant to a foreclosure proceeding validly conducted under Missouri law. As recently discussed by the Eighth Circuit Court of Appeals in Dieters v. Sevcik (In re Rodriquez), __ F.3d __, 2001 WL 868059 (8th Cir. 2001), a sale in a bankruptcy case is not subject to modification by an appellate court unless the appellant receives a stay pending appeal. Dieters, 2001 WL 868059 at *13 (*citing* In re Wintz Cos., 219 F.3d 807, 811 (8th Cir. 2000)). *See also* Markstein v. Massey Assocs., Ltd., 763 F.2d 1325,

Debtor's position at the hearing was that he had an appraisal on the property for $35,000.

1327 (11th Cir. 1985) (court was powerless to rescind foreclosure sale on debtor's property where debtor failed to obtain stay of order permitting foreclosure).

Whether an appellant's failure to obtain a stay of a foreclosure sale renders the appeal moot is a question of law that we review de novo. *See* In re Prasil, 215 B.R. 582, 584 (B.A.P. 8th Cir. 1998). No stay pending appeal was sought by the Debtor and, obviously, no supersedeas bond has been posted. "Generally, federal courts are not empowered to give opinions on moot questions or declare rules of law which cannot affect the matter in issue in the case before it." Dieters, 2001 WL 868059 at *13 (*citing* Church of Scientology v. United States, 506 U.S. 9 (1992)). Therefore, the issues raised by the Debtor on appeal are moot. *See* In re Security Life Ins. Co., 228 F.3d 865, 870 (8th Cir. 2000).

While we need not reach the merits of this appeal, it is worthwhile to note, however, that there appears to be ample evidence in the record to sustain the bankruptcy court's findings that the Debtor had no equity in the property and that a reorganization was not feasible. Moreover, the bankruptcy court committed no error in the manner in which the hearing was conducted. The bankruptcy court properly held the Debtor to the proof presented at the properly noticed hearing on the motion for relief from stay.

ACCORDINGLY, we dismiss this appeal as moot.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL
FOR THE EIGHTH CIRCUIT