# United States Bankruptcy Appellate Panel
**FOR THE EIGHTH CIRCUIT**

———

No. 01-6056 EM

———

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Robert P. Ciralsky, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| | * | |
| Robert P. Ciralsky, | * | |
| | * | Appeal from the United |
| Debtor - Appellant. | * | States Bankruptcy Court |
| | * | for the Eastern District of |
| v. | * | Missouri |
| | * | |
| Companion Mortgage Corporation, | * | **UNPUBLISHED** |
| | * | |
| Creditor - Appellee | * | |
| | * | |
| | * | |
| John V. LaBarge, Jr., | * | |
| | * | |
| Trustee - Appellee. | * | |

———

Submitted: December 18, 2001
Filed: January 2, 2002

———

Before KOGER, Chief Judge, WILLIAM A. HILL and DREHER, Bankruptcy Judges.

———

DREHER, Bankruptcy Judge.

This is an appeal from an order of the bankruptcy court[1] dated June 19, 2001, which granted the Appellee, Companion Mortgage Corporation ("Companion"), relief from the automatic stay and from an order of the bankruptcy court dated August 1, 2001 denying Appellant's motion to reconsider the bankruptcy court's order granting relief from the automatic stay. For the reasons stated below, we affirm.

On March 15, 2001, Companion sold at a foreclosure sale property owned by Appellant, Robert P. Ciralsky ("Ciralsky"). Four days after the sale Ciralsky filed a Chapter 13 bankruptcy petition. On April 26, 2001, Companion filed a motion for relief from the automatic stay to enforce its rights to possession of the property. By order dated June 19, 2001, the bankruptcy court granted the motion. Ciralsky timely filed a motion for reconsideration, which the bankruptcy court denied by order dated August 1, 2001. On August 31, 2001, the bankruptcy court issued an order dismissing the bankruptcy case.

Ciralsky appeals both from the order granting relief from the automatic stay and from the order denying the motion to reconsider. No stay pending appeal was sought or issued. We affirm the decision of the bankruptcy court. Prior to the filing of the bankruptcy petition, Companion foreclosed upon the property, and title was transferred to Companion , pursuant to validly conducted Missouri state foreclosure proceedings. As recently discussed in Nieters v. Sevcik (In re Rodriquez), 258 F.3d 757 (8th Cir. 2001), a sale in a bankruptcy case is not "subject to modification by an appellate court unless the appellant receives a stay pending appeal." Id. at 759. No stay pending appeal was sought by Ciralsky, the actual sale occurred prior to the filing of the case and the case has subsequently been dismissed. "Generally, federal courts are not empowered to give opinions on moot questions or declare rules of law which cannot affect the matter in issue in the case before it." Id. at 758 (*citing* Church of Scientology v. United States, 506 U.S. 9 (1992); *see also* Prasil v. Dietz (In re Prasil),

---

[1]The Honorable Barry S. Schermer, United States Bankruptcy Judge for the Eastern District of Missouri.

215 B.R. 582, 584 (B.A.P. 8th Cir. 1998)("an appeal may be rendered moot when the occurrence of certain events prevents an appellate court from granting effective relief"). Therefore, since no effective relief can be accorded Ciralsky the issues raised on appeal are moot and we need not reach the merits of this appeal. *See* In re Security Life Ins. Co., 228 F.3d 865, 870 (8th Cir. 2000).


ACCORDINGLY, we affirm.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL
FOR THE EIGHTH CIRCUIT