# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

---

No. 01-6054 WM

---

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Gene E. Dudley, Sr. | * | |
| | * | |
| Debtor. | * | |
| | * | |
| Gene E. Dudley, Sr. | * | Appeal from the United States |
| | * | Bankruptcy Court for the |
| Debtor-Appellant, | * | Western District of Missouri |
| | * | |
| v. | * | |
| | * | |
| Mitchell Powers | * | |
| Ruby M. Powers, | * | |
| | * | |
| Creditors-Appellees, | * | |
| | * | |
| Richard V. Fink, | * | |
| | * | |
| Trustee-Appellee. | * | |

---

Submitted: January 4, 2002
Filed: February 15, 2002

---

Before KRESSEL, WILLIAM A. HILL and SCHERMER, Bankruptcy Judges

SCHERMER, Bankruptcy Judge

This is an appeal from an Order of the Bankruptcy Court[1], dated August 21, 2000, granting the Appellees, Mitchell and Ruby M. Powers ("Powers") relief from the automatic stay and from an Order of the Bankruptcy Court, denying the Debtor's Motion to Reconsider, filed September 26, 2000[2]. Debtor has also filed with this Court a Motion For Judicial Notice, filed December 11, 2001, a Motion requesting Appointment of Counsel or Amicus Curiae, filed December 13, 2001 and Motions For Judgment on the Pleadings, filed January 14, 2002.

A long and tortured history of this proceeding is chronicled in Judge Federman's Memorandum Opinion, dated July 23, 2001. Debtor is an inmate in Texarkana, Texas. He filed a Chapter 13 petition on July 12, 2000 in order to stop a foreclosure action scheduled to take place on July 24, 2000. At a hearing held on August 21, 2000, Judge Koger granted relief from the automatic stay in order to permit the Powers to foreclose on real property located at 3700 Prospect Avenue, Kansas City, Missouri. As grounds for their motion, the Powers alleged that Mr. Dudley had not filed a Chapter 13 plan, had not filed his Chapter 13 schedules, and had no means of income with which to fund a Chapter 13 plan. The Court through its Order of August 21, 2000, granted the Powers relief from stay. The United States Court of Appeals for the Eighth Circuit in its July 6, 2001 opinion determined that the prison mail box rule applied to Mr. Dudley's filings and remanded the case to the Bankruptcy Court. Judge Federman entered his Memorandum Opinion and Order, dated July 23, 2001 and in that Opinion and Order he vacated his Orders of September 13, 2000 (dismissing Dudley's appeal of the Order granting relief from stay); September 26, 2000 (denying Dudley's Motion for a Stay Pending Appeal and October 12, 2000, denying his Order for injunctive relief and for a stay pending

---

[1] The Honorable Frank Koger, United States Bankruptcy Judge for the Western District of Missouri.

[2] The Honorable Arthur B. Federman, Chief United States Bankruptcy Judge for the Western District of Missouri.

appeal). Judge Federman's Memorandum Opinion and Order recognizes that pursuant to the prison mailbox rule, Mr. Dudley has effectively appealed the Bankruptcy Court Order, dated September 8, 2000, dismissing his Chapter 13 case[3].

We cannot find in the record before us any order staying either the Order of August 21, 2000, granting relief from stay or the Order of September 8, 2000, dismissing the Chapter 13 case. The Bankruptcy Court has, however, found that the foreclosure sale has taken place and Mr. Dudley has acknowledged that in several of his pleadings. As noted in Nieters v.Sevcik (In re Rodriquez), 258 F.3, 757 (8th Cir. 2001), a sale in a bankruptcy case is not "subject to modification by an appellate court unless the appellant receives a stay pending appeal." Id. at 759. "Generally, federal courts are not empowered to give opinions on moot questions or declare rules of law which cannot affect the matter in issue in the case before it." Id. at 758 (*citing* Church of Scientology v. United States, 506 U.S. 9 (1992; *see also* Prasil v. Dietz, (In re Prasil) 215 B.R. 582, 584 (B.A.P. 8th Cir. 1998) ("an appeal may be rendered moot when the occurrence of certain events prevent an appellate court from granting effective relief"). Therefore, since no effective relief can be accorded Mr. Dudley, the issues raised on appeal are moot and we need not reach the merits of the appeal on the motion for relief from stay. *See* In re Security Life Ins. Co., 228 F.3d, 865, 870 (8th Cir. 2000).

Section 1307(c) provides a non-exclusive list of grounds which may constitute cause for dismissal of a Chapter 13 case. Included in this list is (3) failure to file a plan timely. Likewise, we see no plain error in the Bankruptcy Court's Order dismissing the Chapter 13 case. "If the bankruptcy court's conclusion supporting

---

[3] While the Eighth Circuit in its July 6, 2001 Opinion remanded the case to the District Court, we nevertheless write this Opinion because Mr. Dudley elected to have his appeal heard before the Bankruptcy Appellate Panel. No one has challenged the effectiveness of Mr. Dudley's decision to have the Bankruptcy Appellate Panel hear these appeals.

dismissal are supported by the facts, there is no abusive discretion". <u>Tolbert v. Fink</u> (<u>In re Tolbert</u>, 25 B.R. 214, 216 (B.A.P. 8th Cir. 2000)).

ACCORDINGLY, we affirm.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL FOR
THE EIGHTH CIRCUIT