# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3575

_____

In re:  Joseph Fields,                           *
                                                 *
            Debtor,                              *
-----------------------                          *
                                                 *
Joseph Fields,                                   *
                                                 *   Appeal from the United States
            Appellant,                           *   Bankruptcy Appellate Panel
                                                 *   for the Eighth Circuit.
        v.                                       *
                                                 *        [UNPUBLISHED]
Option One Mortgage Corporation,                 *
                                                 *
            Appellee.                            *

_____

Submitted:  April 1, 2002
Filed:  April 4, 2002

_____

Before LOKEN, BEAM, and RILEY, Circuit Judges.

_____

PER CURIAM.

Option One Mortgage Corporation (Option One) held a mortgage on property owned by Joseph Fields (Fields) and his wife.  They defaulted on their payments, and Option One attempted to foreclose on the property three times, but each time either Fields or his wife filed for Chapter 13 bankruptcy on the eve of the scheduled sale. The third time, Option One sought dismissal of the bankruptcy case and relief from

automatic stay. At a hearing held May 9, 2001, counsel for the parties disagreed about the total amount of secured claims encumbering the property, but agreed that the property's value was approximately $29,000. The bankruptcy court[1] ruled from the bench and granted Option One's motion for relief from automatic stay, found that Fields had no equity in the property, and denied Fields additional time to gather evidence regarding the amount of debt encumbering the property. After a recess, Fields (without counsel present) stated on the record that the property had been appraised for $35,000; the court refused to reconsider its ruling, however, and Option One took title to the property at a foreclosure sale later that day.

Fields appealed pro se to the Bankruptcy Appellate Panel (BAP), and filed a motion to supplement the record on appeal with an appraisal valuing the property at $55,000. The BAP refused to supplement the record, dismissed the appeal as moot because Fields had failed to obtain a stay of the foreclosure sale, and stated that the bankruptcy court did not err in holding Fields to the proof presented at the hearing. This appeal ensued. Fields asks this court for a chance to save his home. He argues that his counsel was inadequate and that he attempted to present the $55,000 appraisal to the bankruptcy court, but the court wrongfully refused to consider it.

We conclude the BAP properly dismissed the appeal as moot to the extent Fields sought return of his property because he did not obtain a stay pending appeal. See In re Rodriquez, 258 F.3d 757, 759 (8th Cir. 2001) (per curiam); United States v. Fitzgerald, 109 F.3d 1339, 1342 (8th Cir. 1997). To the extent Fields challenges the bankruptcy court's valuation of the property, there is no indication that Fields attempted to provide the bankruptcy court with an appraisal, and the BAP was not required to permit him to supplement the record on appeal. See Dakota Indus., Inc. v. Dakota Sportswear, Inc., 988 F.2d 61, 63 (8th Cir. 1993). Finally, we note that

---

[1]The Honorable James J. Barta, United States Bankruptcy Judge for the Eastern District of Missouri.

there is no constitutional right to effective assistance of counsel in a civil case.  <u>See</u> <u>Glick v. Henderson</u>, 855 F.2d 536, 541 (8th Cir. 1988).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.