# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No.  06-6074EM

_____

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| La'Teacha Tigue, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| La'Teacha Tigue, | * | |
| | * | |
| Debtor–Appellant, | * | Appeal from the United States |
| | * | Bankruptcy Court for the Eastern |
| v. | * | District of Missouri |
| | * | |
| David A. Sosne, | * | |
| | * | |
| Trustee–Appellee, | * | |
| | * | |
| Chase Home Finance, LLC, | * | |
| | * | |
| Creditor–Appellee. | * | |

_____

Submitted: March 28, 2007
Filed: April 5, 2007

_____

Before KRESSEL, Chief Judge, FEDERMAN and MAHONEY, Bankruptcy Judges.

_____

KRESSEL, Chief Judge.

The debtor appeals the bankruptcy court's[1] order which granted Chase Home Finance's motion for relief from the automatic stay and the trustee's motion to approve a settlement with Chase. We dismiss the appeal in part for lack of jurisdiction and otherwise affirm.

## BACKGROUND

The debtor and her common-law husband, Ernesto Sanchez, purchased a home in Missouri as husband and wife. Sanchez and the debtor executed a deed of trust in favor of Chase on June 5, 2003. The property was insured by State Farm Fire and Casualty Company in Sanchez's name only, although the debtor contends that this was a clerical error. As required by the deed of trust, Chase was listed as the mortgagee on the policy. A fire caused substantial damage to the property on May 31, 2004. Subsequently, the property sustained hail damage. The debtor and Sanchez had difficulty obtaining insurance proceeds to repair the property because the debtor was not a named insured. At some point in the summer or fall of 2004, Sanchez died and the debtor ceased making payments on the mortgage.

On April 5, 2005, the debtor filed a petition under chapter 7. She claimed her house exempt on her Schedule C. No one objected to the exemption claim. On May 2, 2005, Chase moved for relief from the automatic stay. Chase claimed that the debtor owed it a principal balance of $296,676.64 on the note in addition to $43,597.96 in other fees. Chase asked for relief from stay to enforce its lien on the property. The bankruptcy court granted Chase's request on May 27, 2005. However, the debtor filed a motion, supported by the trustee, to set aside the order granting relief from stay due to insufficient notice. On June 6, 2005, the bankruptcy court granted the motion. A month later, on July 12, the debtor received her discharge.

---

[1] The Honorable Kathy A. Surratt-States, United States Bankruptcy Judge for the Eastern District of Missouri.

2

At some point, State Farm paid the trustee $81,285.59 under its insurance policy. However, believing that the total payments were still insufficient, on January 3, 2006, the trustee filed a complaint seeking damages against State Farm for failure to pay insured losses and a declaratory judgment against the debtor and Chase that the estate was the proper recipient of any insurance proceeds. The trustee reached a settlement with Chase regarding his claim against it in the adversary proceeding and Chase's motion for relief from stay.

On October 23, 2006, the court held a hearing on Chase's relief from stay motion and the trustee's settlement with Chase. The debtor objected to both motions. At the hearing, Chase and the trustee agreed that the debtor's house had been substantially reduced in value due to the fire and that the insurance proceeds would be insufficient to fully compensate Chase for the loss of its collateral. The trustee also agreed that Chase should be granted relief from stay to pursue foreclosure proceedings on the debtor's home. Pursuant to the settlement, the court granted Chase relief from the stay, but barred it from seeking a deficiency claim against the estate.[2] In addition, the court ordered the trustee to distribute $81,285.19, less $7,500 fees and expenses, to Chase and to transfer any future insurance payments to Chase, up to the full deficiency amount of Chase's claim. The debtor appeals that order.

On November 20, 2006 the bankruptcy court, with Judge Schermer presiding, held a hearing to approve a compromise between the trustee and State Farm. State Farm offered a $20,000 settlement, but the debtor offered the estate $21,000 in order to purchase the estate's claim against State Farm. The trustee accepted the debtor's offer and the court dismissed the adversary proceeding without prejudice on January 8, 2007. As a result of the trustee's earlier settlement with Chase, it was entitled to the $21,000. The debtor is now, once again, the owner of the claim against State Farm.

---

[2] It turned out that the debtor had not signed the note to Chase.

The trustee paid the professionals out of the insurance proceeds and transferred the remainder of the $81,285.19 to Chase on or about November 29, 2006. The trustee transferred an additional $71,785.19 to Chase on January 8, 2007. Wells Fargo Bank, N.A. purchased the debtor's home at a foreclosure sale on or about December 28, 2006. On January 19, 2007, Wells Fargo recorded the transfer. The trustee and Chase have moved to dismiss this appeal, arguing it is now moot.

<u>Standard of Review</u>

Federal courts are courts of limited jurisdiction and can only hear actual cases or controversies as defined under Article III of the Constitution. *Hickman v. State of Missouri*, 144 F.3d 1141, 1143 (8th Cir. 1998). When a case no longer presents an actual, ongoing case or controversy, the case is moot and the federal court no longer has jurisdiction to hear it. *Id.* "When circumstances change while an appeal is pending that make it impossible for the court to grant 'any effectual relief whatsoever' to a prevailing party, the appeal must be dismissed as moot." *Williams v. Citifinancial Mortgage Co. (In re Williams)*, 256 B.R. 885, 886 (8th Cir. 2001).

In addition, we review the bankruptcy court's factual findings for clear error and its conclusions of law de novo. *Debold v. Case*, 452 F.3d 756, 761 (8th Cir. 2006); *Litzinger v. Litzinger (In re Litzinger)*, 340 B.R. 897, 903 (B.A.P. 8th Cir. 2006). A bankruptcy court's approval of a settlement is reviewed for plain error or abuse of discretion. *New Concept Housing, Inc. v. Poindexter (In re New Concept Housing, Inc.)*, 951 F.2d 932, 938 (8th Cir. 1991).

# DISCUSSION

## The Debtor's Appeal from the Relief from Stay Order Is Moot.

11 U.S.C. § 362(c)(1) provides that the stay of an act against property of the estate continues until such property is no longer property of the estate. § 362(c)(2) adds that "the stay of any other act under subsection (a) of this section continues until the earliest of–(A) the time the case is closed; (B) the time the case is dismissed; or (C) if the case is a case under chapter 7 of this title concerning an individual . . . the time a discharge is granted or denied." In addition, property which a debtor lists as exempt under § 522(b) is deemed exempt unless a party in interest objects. 11 U.S.C. § 522(l).

Because no one objected, the debtor's exemption was allowed under 11 U.S.C. § 522(l) and the property ceased being property of the estate. The debtor received her discharge on July 12, 2005. As a result of these two events, Chase did not need to obtain relief from the stay. All stays had already terminated at the time of the October 23, 2006 hearing. This rendered the motion moot and the order superfluous. Therefore, the appeal from relief from stay motion is moot.

Even if the stay had not terminated by operation of law, we would not be able to undo the foreclosure sale because "[o]nce foreclosed property is sold to a bona fide third-party purchaser, a court generally lacks the power to craft an adequate remedy for the debtor." *United States v. Fitzgerald*, 109 F.3d 1339, 1342 (8th Cir. 1997). "Therefore, a debtor who fails to obtain a stay of the sale has no remedy on appeal and the appeal is moot." *Id.*

5

## The Order Approving Compromise is Not Equitably Moot.

The 'equitable' mootness doctrine tests whether an unwarranted or repeated failure to request a stay enabled developments to evolve in reliance on the bankruptcy court order to the degree that their remediation has become impracticable or impossible. *Hicks, Muse & Co., Inc. v. Brandt (In re Healthco Int'l, Inc.)*, 136 F.3d 45, 48 (1st Cir. 1998).

Chase and the trustee argue that their settlement agreement is equitably moot because the property has been sold and the money has been transferred from the trustee to Chase. Thus, it would be impractical to undo this transaction. However, we do not believe that this is sufficient to demonstrate equitable mootness. Because it was unnecessary for Chase to seek court approval prior to conducting its foreclosure sale and because the debtor had no personal liability to Chase, the operative portion of the settlement between Chase and the trustee consisted only of the trustee paying professional fees from the insurance proceeds and transferring the remainder of the insurance money to Chase. Unwinding this settlement would not be impracticable or impossible, as all affected parties are parties to this appeal and are presumably in possession of sufficient funds to restore the status quo ante. Thus, the appeal from the motion to compromise controversy is not equitably moot.

## The Settlement Was in the Best Interest of the Estate.

A bankruptcy court has the right to approve a settlement and may do so over objections so long as the settlement is found to be in the best interests of the estate as a whole. *Lambert v. Flight Transp. Corp. (In re Flight Transp. Corp. Sec. Litig.)*, 730 F.2d 1128, 1138 (8th Cir. 1984). In order to determine whether a settlement is in the best interests of the estate, the court must consider: 1) the probability of success in the litigation; 2) the difficulties, if any, to be encountered in the matter of collection; 3) the complexity of the litigation involved, and the expense, inconvenience, and delay

necessarily attending it; 4) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. *Id.* at 1135.

The bankruptcy court did not abuse its discretion when it granted the motion to approve the compromise. Chase had the right to foreclose on the debtor's property because the automatic stay had terminated. In addition, Chase was listed as a mortgagee under the insurance policy and the deed of trust signed by the debtor allowed Chase to hold the insurance proceeds to use for restoration or repair of the property or, if restoration or repair was not economically feasible, to apply the proceeds to the amount secured by the deed of trust. Thus, Chase was virtually assured success at a trial determining the proper recipient of the insurance proceeds. Because of Chase's high probability of success, it was not in the estate's best interests to expend the time, money and inconvenience that a trial entails. Although the debtor may feel the settlement is not in her best interests, it is the views of the creditors which the bankruptcy court was required to consider, and we cannot conclude that the bankruptcy court abused its discretion. Because the facts weigh in favor of approving the settlement, the court did not error in approving the compromise between the trustee and Chase.

## CONCLUSION

The appeal is dismissed to the extent it seeks review of that part of the bankruptcy court's order granting relief from the stay. The bankruptcy court's order is otherwise affirmed.

———————————————