# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-1964
_____

Ruth Pierce, by Shirley Dodd Guardian and Conservator -- Shirley Dodd

*Plaintiff - Appellant*

v.

Pemiscot Memorial Health Systems

*Defendant*

Bonnie Moore; Dr. James Pang

*Defendants - Appellees*

Affinity Healthcare, Inc.; Benton Bloom, also known as Ben Bloom

*Defendant*s
_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau
_____

Submitted: June 15, 2016
Filed: July 25, 2016
[Unpublished]
_____

Before SMITH and GRUENDER, Circuit Judges, and KETCHMARK,[1] District Judge.

_____

PER CURIAM.

Ruth Pierce brought suit under 42 U.S.C. § 1983, asserting claims that Dr. James Pang and Registered Nurse Bonnie Moore improperly detained her in an inpatient psychiatric unit following the expiration of a ninety-six-hour detention order. She alleged that her continued detention violated her due process rights under the United States and Missouri Constitutions and violated provisions of the Missouri Revised Statutes governing involuntary-commitment procedures. She also asserted state-law claims for false imprisonment, assault and battery by forced medication, and intentional infliction of emotional distress. After a four-day jury trial, the jury returned general verdicts in favor of Pang and Moore, and judgment was entered on November 20, 2014. Pierce filed a motion for a new trial on December 18, 2014.

On January 10, 2015, Pierce died. Pang filed a Notice of Fact of Death in the district court twelve days later, on January 22. The district court[2] denied Pierce's motion for a new trial on April 2, and a notice of appeal was filed on Pierce's behalf on April 30. On November 16, Pierce's counsel filed in this court a motion to substitute Pierce's conservator Shirley Dodd as the party representative for Pierce. The motion was taken with this appeal.

_____

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri, sitting by designation.

[2]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

The substitution of parties after death is controlled by Rule 25(a) of the Federal Rules of Civil Procedure. *Kaubisch v. Weber*, 408 F.3d 540, 542 (8th Cir. 2005). Rule 25(a) provides that, after death of a party, "the action does not abate," but "[t]he death shall be suggested upon the record and the action shall proceed in favor of or against the surviving parties.'" Fed. R. Civ. P. 25(a)(2). Under Rule 25(a)(1), "the motion for substitution . . . [must be] made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death." Fed. R. Civ. P. 25(a)(1). If the motion for substitution is not timely made, then "the action by . . . the decedent must be dismissed." *Id.* Although the ninety-day rule "appears to be mandatory," *Kaubisch*, 408 F.3d at 542, the district court has the discretion under Rule 6(b) to permit an untimely motion for substitution if the failure to file the motion resulted from excusable neglect, Fed. R. Civ. P. 6(b).

Here, Pang filed and served the Notice of Fact of Death on January 22. Pursuant to Rule 25(a)(1), Pierce's counsel had ninety days from January 22 to file a motion to substitute; however, this period expired on April 22—several days after the district court's order denying Pierce's motion for a new trial but eight days before the notice of appeal was filed.[3] By the time the briefs in support of this appeal had been filed, Pierce's counsel still had not filed the requisite motion for substitution. Further, at oral argument, counsel offered no reasons for this extreme delay, conceding that the failure to file the motion was not the result of excusable neglect. *See* Fed. R. Civ. P. 6(b). This action thus should have been dismissed once the ninety-day period

---

[3]Rule 43(a) of the Federal Rules of Appellate Procedure, which does not impose a filing deadline, governs the substitution of parties in the event of the death of a party during appellate proceedings, as well as the death of a party entitled to appeal. Fed. R. App. P. 43(a). Because Pierce died on January 10, 2015, while the motion for a new trial was still pending before the district court, she was not a party entitled to appeal, and Rule 43(a) does not apply. *See Keith v. Newcourt, Inc.*, 530 F.2d 826, 826 (8th Cir. 1976) (per curiam) (stating that a judgment is not final and any appeal is premature until the district court rules upon a pending motion for a new trial); Fed. R. App. P. 43(a)(2).

established in Rule 25(a)(1) elapsed. *See Kaubisch*, 408 F.3d at 543. Because the ninety-day period elapsed on April 22, and the notice of appeal was not filed until April 30, the district court retained jurisdiction over this suit at the time the period elapsed. *Cf. Liddell v. Bd. of Educ.*, 73 F.3d 819, 822 (8th Cir. 1996) (noting that district court is not divested of jurisdiction of "those aspects of the case involved in the appeal" until notice of appeal is filed (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982))). We thus remand to the district court with instructions to dismiss the suit. *See* Fed. R. Civ. P. 25(a)(1).[4]

_____

[4]We note that, in June 2015, an administrative panel of this court denied without prejudice the defendants' motion to dismiss Pierce's appeal for failure to substitute the proper party. However, a hearing panel is not bound by an earlier administrative panel's decision to deny a motion to dismiss. *In re Rodriquez*, 258 F.3d 757, 758 (8th Cir. 2001) (per curiam). This is because "[d]ecisions by motions panels are summary in character, made often on a scanty record, and not entitled to the weight of a decision made after plenary submission." *Id.* (quoting *United States v. City of Milwaukee*, 144 F.3d 524, 526 n.1 (7th Cir. 1998)).