# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 18-6022

_____

In re: Theresa Marshall

*Debtor*

------------------------------

Theresa Marshall

*Debtor - Appellant*

v.

Deutsche Bank National Trust Company

*Creditor - Appellee*

_____

Appeal from United States Bankruptcy Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted:  December 18, 2018
Filed:  January 14, 2019

_____

Before SALADINO, Chief Judge, NAIL and DOW, Bankruptcy Judges.

_____

SALADINO, Chief Judge.

The Debtor, Theresa Marshall, appeals the bankruptcy court's[1] order which granted a motion for relief from the automatic bankruptcy stay filed by Deutsche Bank National Trust Company, as Trustee for Vendee Mortgage Trust 1993-1, United States Department of Veterans Affairs, Guaranteed REMIC Pass Through Certificates ("Bank"). For the following reasons, we dismiss the appeal for lack of jurisdiction.

## FACTUAL BACKGROUND

On May 3, 2018, debtor filed a petition under Chapter 13 of the United States Bankruptcy Code. On June 28, 2018, Bank filed its Amended Motion for Relief from Stay asserting that it was the servicer of a promissory note and deed of trust encumbering certain real property owned by the debtor and located in Little Rock, Arkansas (the "Property"). The motion sought relief from the automatic stay for cause, including debtor's conduct in filing multiple bankruptcy cases on the eve of foreclosure, filing frivolous pleadings and failing to act in good faith.

The motion was set for hearing on July 12, 2018. Debtor sought a continuance of that hearing, but that request was denied by the bankruptcy court on July 3 2018. The hearing took place as scheduled, debtor failed to appear and on July 16, 2018, the bankruptcy court entered its order granting relief from stay. Debtor timely filed a notice of appeal. The underlying bankruptcy case was subsequently dismissed on September 4, 2018.

During the course of this appeal, debtor has filed numerous motions and emergency motions with this Panel. The most recent emergency motions filed by debtor represent that the Property was sold to Bank at a foreclosure sale on September 6, 2018, and that debtor was later evicted from the Property on October 31, 2018. Bank's supplemental brief concurs with those representations.

---

[1] The Honorable Richard D. Taylor, United States Bankruptcy Judge for the Eastern District of Arkansas.

In her appellate brief, debtor appears to argue that the bankruptcy court abused its discretion in denying her motion to continue the hearing set for July 12, 2018, and that Bank did not have legal standing to foreclose. Bank's initial appellee brief responded to those arguments. However, we ordered the parties to submit supplemental briefs on the issue of whether this appeal is moot due to the foreclosure sale of the property and the dismissal of the bankruptcy case. Those briefs have now been filed.

## DISCUSSION

We previously addressed the effect of a foreclosure sale on an appeal of an order granting relief from the automatic stay:

> Federal courts are courts of limited jurisdiction and can only hear actual cases or controversies as defined under Article III of the Constitution. *Hickman v. State of Missouri*, 144 F.3d 1141, 1143 (8th Cir. 1998). When a case no longer presents an actual, ongoing case or controversy, the case is moot and the federal court no longer has jurisdiction to hear it. Id. "When circumstances change while an appeal is pending that make it impossible for the court to grant 'any effectual relief whatsoever' to a prevailing party, the appeal must be dismissed as moot." *Williams v. Citifinancial Mortgage Co. (In re Williams)*, 256 B.R. 885, 8[95] (B.A.P. 8th Cir. 2001).

> ….

> Even if the stay had not terminated by operation of law, we would not be able to undo the foreclosure sale because "[o]nce foreclosed property is sold to a bona fide third-party purchaser, a court generally lacks the power to craft an adequate remedy for the debtor." *United States v. Fitzgerald*, 109 F.3d 1339, 1342 (8th Cir. 1997). "Therefore, a debtor who fails to obtain a stay of the sale has no remedy on appeal and the appeal is moot." Id.

*Tigue v. Sosne (In re Tigue)*, 363 B.R. 67, 70, 71 (B.A.P. 8th Cir. 2007) (ruling debtor's appeal of a stay relief order in mortgagee's favor was moot because the house had been sold).

In addition, we have said:

> As noted in *Nieters v. Sevcik (In re Rodriquez)*, 258 F.3d 757 (8th Cir. 2001), a sale in a bankruptcy case is not "subject to modification by an appellate court unless the appellant receives a stay pending appeal." Id. at 759. "Generally, federal courts are not empowered to give opinions on moot questions or declare rules of law which cannot affect the matter in issue in the case before it." Id. at 758 *(citing Church of Scientology v. United States*, 506 U.S. 9 (1992)); *see also Prasil v. Dietz, (In re Prasil)*, 215 B.R. 582, 584 (B.A.P. 8th Cir. 1998) ("an appeal may be rendered moot when the occurrence of certain events prevent an appellate court from granting effective relief"). Therefore, since no effective relief can be accorded Mr. Dudley, the issues raised on appeal are moot and we need not reach the merits of the appeal on the motion for relief from stay. *See In re Security Life Ins. Co.*, 228 F.3d, 865, 870 (8th Cir. 2000).

*Dudley v. Powers (In re Dudley)*, 273 B.R. 197, 199 (B.A.P. 8th Cir.) (holding debtor's appeal of stay relief moot because foreclosure sale had been held), aff'd, 49 F. App'x 91 (8th Cir. 2002). *See also Fields v. Option One Mortg. Corp. (In re Fields*), 266 B.R. 415, 417–18 (B.A.P. 8th Cir. 2001), *aff'd*, 32 F. App'x 178 (8th Cir. 2002) (holding debtor's appeal of stay relief in favor of the mortgage holder moot because the debtor did not seek a stay pending appeal and the mortgage holder took title to the property at its foreclosure sale).

Here, debtor never obtained a stay pending appeal and the parties agree that the underlying property was sold to Bank at a foreclosure sale on September 6, 2018.

Debtor was subsequently evicted from the property. In addition, the bankruptcy case was dismissed on September 4, 2018. Since we cannot provide any effective relief to debtor, the issues raised on appeal are moot.

## CONCLUSION

For the foregoing reasons, this appeal is dismissed for lack of jurisdiction.

_____