# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 24-6002
_____

In re: William Phillip Jackson,

Debtor.

------------------------------

William Phillip Jackson,

*Appellant*

v.

United States of America,

*Appellee*
_____

Appeal from United States Bankruptcy Court
for the Western District of Missouri
_____

Submitted: September 30, 2024
Filed: October 25, 2024
_____

Before HASTINGS, Chief Judge, SURRATT-STATES, AND CONSTANTINE,
Bankruptcy Judges.
_____

HASTINGS, Chief Judge.

Debtor/Appellant William Phillip Jackson appeals the bankruptcy court's[1] order granting Appellee United States of America's Motion to Lift Automatic Stay *Nunc Pro Tunc* and denying Jackson's Motion for Contempt and for Turnover of Personal Property.[2]  For the following reasons, we conclude that the matters raised on appeal are constitutionally moot and dismiss the appeal for lack of jurisdiction.

## BACKGROUND

This appeal stems from protracted litigation in federal district court, the Eighth Circuit Court of Appeals and bankruptcy court arising from unpaid federal taxes Jackson owes to the United States and the United States' efforts to collect the debt.  On January 30, 2019, following a July 2018 jury trial and post-trial proceedings, the United States District Court for the Western District of Missouri entered an Order and Final Judgment against Jackson in the total sum of $2,396,800.47 plus statutory interest and statutory additions.  In its Order and Final Judgment, the district court also ordered the foreclosure of tax liens and sale of four properties owned by Jackson and his wife.  Additionally, the district court ordered the United States to file a motion for approval of a proposed sale order consistent with the jury verdict and the district court's findings.  The United States filed the requested motion for order of sale, which the district court granted on September 9,

---

[1]The Honorable Brian T. Fenimore, United States Bankruptcy Judge for the Western District of Missouri.

[2]Jackson's Notice of Appeal only lists the Order Denying Jackson's Motion for Contempt and for Turnover of Personal Property, but he addresses both this order and the Order Granting the United States' Motion to Annul Automatic Stay in his Appellate Brief and Reply.  The United States also addresses both orders in its Appellee Brief.  Liberally construing the appeal in favor of the *pro se* Debtor/Appellant, the Order Granting the United States' Motion to Annul Automatic Stay is properly within the scope of Jackson's appeal.

2019.[3]  Jackson filed motions to amend or correct, to vacate the sale, to grant miscellaneous relief and other pleadings *pro se*.  The district court denied the relief Jackson requested, and Jackson unsuccessfully appealed to the Eighth Circuit Court of Appeals.

After a series of delays, the United States scheduled evictions for January 24, 2024, and the sale of the four properties for January 25, 2024.  Jackson filed a *pro se* petition for bankruptcy relief under Chapter 13 of the Bankruptcy Code on January 23, 2024.  The United States did not receive notice of the bankruptcy petition until after it completed the evictions of the four properties and seized personal property that remained at the eviction sites on January 24, 2024.  After the United States learned about Jackson's bankruptcy filing, it canceled the sale scheduled for January 25, 2024.

Jackson filed a motion for contempt and turnover in the bankruptcy case on January 24, 2024.  Jackson argued that the United States' eviction proceedings and its seizure of Jackson's personal property violated the automatic stay and requested the bankruptcy court to hold the United States in contempt and order turnover of the seized property.  On January 29, 2024, the United States filed a Motion to Lift Automatic Stay *Nunc Pro Tunc*.

The bankruptcy court heard Jackson's motion for contempt and turnover and the United States' motion to retroactively lift the automatic stay on February 8, 2024.  The bankruptcy court held a telephone hearing on February 14, 2024, to announce its oral ruling denying Jackson's motion for turnover and contempt and granting the United States' motion.  It ordered that "the automatic stay in this case is hereby annulled and retroactively vacated to January 23, 2024, as to the United States to the extent the automatic stay precludes (or precluded) any action pursuant to the U.S.

---

[3]The district court entered two orders modifying the sale order.  The first corrected typographical errors and the second allowed an individual to continue to occupy one of the properties and operate an automobile repair business at the location pending sale.

District Court Order of Sale (Doc. No. 179, including any amendments to that Order) in *United States v. Jackson et al.*, 3:16-cv-05096 (U.S.D.C., W.D. Mo.)."

Jackson timely appealed the bankruptcy court's order. He did not file a motion seeking a stay of the order pending appeal.

On May 7, 2024, while the bankruptcy appeal was pending, Jackson filed an emergency motion in the federal district court, seeking to stay the auction sale of the properties. After the United States sold the properties at auction on May 8 and 9, 2024, the United States responded to Jackson's motion, asserting that the motion was moot because it sold the properties. The district court denied Jackson's motion to stay the auction sale in an order dated June 13, 2024. It entered an order confirming the sales and approving the disbursement of the sale proceeds on August 14, 2024.

On August 26, 2024, the United States filed a status report in this appeal, asserting the appeal is moot to the extent the relief Jackson seeks is to prevent the sale or acquire rights to the real or personal property sold.

## ANALYSIS

Federal courts are courts of limited jurisdiction and may only hear cases or controversies defined under Article III of the Constitution. *Tigue v. Sosne (In re Tigue)*, 363 B.R. 67, 70 (B.A.P. 8th Cir. 2007) (citing *Hickman v. Missouri*, 144 F.3d 1141, 1142 (8th Cir. 1998)). "When a case … no longer presents an actual, ongoing case or controversy, the case is moot and the federal court no longer has jurisdiction to hear it." *Hickman*, 144 F.3d at 1142. This appeal presents a mootness issue, and we have an independent duty to examine our jurisdiction. *Davies v. Daugherty (In re Davies)*, 651 B.R. 445, 447 (B.A.P. 8th Cir. 2023).

In *Marshall v. Deutsche Bank Nat'l Tr. Co. (In re Marshall)*, 595 B.R. 269, 271–72 (B.A.P. 8th Cir. 2019), the debtor appealed the bankruptcy court's order

granting relief from the stay. While the appeal was pending, the bank purchased the property at the foreclosure sale. This Court concluded:

> "When circumstances change while an appeal is pending that make it impossible for the court to grant 'any effectual relief whatsoever' to a prevailing party, the appeal must be dismissed as moot." *Williams v. Citifinancial Mortgage Co. (In re Williams)*, 256 B.R. 885, 8[95] (8th Cir. BAP 2001).
>
> ....
>
> Even if the stay had not terminated by operation of law, we would not be able to undo the foreclosure sale because "[o]nce foreclosed property is sold to a bona fide third-party purchaser, a court generally lacks the power to craft an adequate remedy for the debtor." *United States v. Fitzgerald*, 109 F.3d 1339, 1342 (8th Cir. 1997). "Therefore, a debtor who fails to obtain a stay of the sale has no remedy on appeal and the appeal is moot." *Id.*

*In re Marshall*, 595 B.R. at 271 (quoting *In re Tigue*, 363 B.R. at 71 (ruling debtor's appeal of a stay relief order in mortgagee's favor was moot because the house had been sold)); *see also* 11 U.S.C. § 363(m) ("The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.").

In this appeal, Jackson seeks to overturn the bankruptcy court's order annulling and retroactively vacating the stay and denying his request for turnover and contempt sanctions. Additionally, he requests this Court enter an order for relief that "returns all property and livestock seized after the automatic stay was in place," restores "the property to pre-seizure conditions, and repair[s] all damage," and releases all property from "Jackson Family Tire, belonging to Jered Jackson."

Appellee Br. at 5.  Jackson also seeks an order imposing the automatic stay for 45 days and sanctioning the United States.  *Id.*

Jackson did not seek a stay of the bankruptcy court's ruling annulling and retroactively vacating the automatic stay and denying his request for turnover of the property and contempt sanctions.  Instead, Jackson sought a stay of the auction sale in the district court proceeding while this appeal was pending.  The auction sale proceeded as planned, effectively denying him the relief he requested.  A few days later, the district court denied his motion to stay the auction sale, and it entered an order confirming the sale and approving the disbursement of the sale proceeds.

The scope of this appeal extends only to review of the bankruptcy court ruling. Without a stay barring the sale from proceeding, the United States sold the property. As the Eighth Circuit Court of Appeals explained, a sale in a bankruptcy case is not "subject to modification by an appellate court unless the appellant receives a stay pending appeal."  *Nieters v. Sevcik (In re Rodriquez)*, 258 F.3d 757, 759 (8th Cir. 2001).  Since the district court's sale order is not subject to modification in this bankruptcy appeal, there is no effective relief that may be accorded Jackson regarding his requests for return of his property.  Jackson's appeal of the bankruptcy court order annulling and retroactively vacating the automatic stay and denying Jackson's request for turnover is moot.  *See Dudley v. Powers (In re Dudley)*, 273 B.R. 197, 199 (B.A.P. 8th Cir. 2002) (holding debtor's appeal of stay relief moot because debtor did not obtain a stay of the sale pending appeal and the foreclosure sale was complete), *aff'd*, 49 F. App'x 91 (8th Cir. 2002); *Fields v. Option One Mortg. Corp. (In re Fields)*, 266 B.R. 415, 417–18 (B.A.P. 8th Cir. 2001) (dismissing debtor's appeal of stay relief as moot because debtor did not obtain a stay pending appeal and the mortgage holder took title to the property at its foreclosure sale), *aff'd*, 32 F. App'x 178 (8th Cir. 2002); *In re Marshall*, 595 B.R. at 271–72 (dismissing appeal of order granting relief from stay for lack of jurisdiction because debtor did not obtain a stay pending appeal and the property at issue was sold).

Because the appeal of the order annulling and retroactively vacating the stay is moot, the appeal of the order denying contempt sanctions is also moot. There can be no basis for contempt based on a violation of the stay once the stay is annulled. *See Oya v. Wells Fargo, N.A. (In re Oya),* 2019 WL 5390007, at \*7 (B.A.P. 9th Cir. Oct. 18, 2019) (concluding that stay-violation damages are precluded once a stay is retroactively annulled); *In re Patel,* 642 B.R. 187, 199 n.9 (Bankr. N.D. Ga. 2022) (reasoning that the court need not consider evidence related to damages for an alleged violation of the stay when the court finds cause to annul the stay); *Schonscheck v. Deere & Co. (In re Schonscheck),* 592 B.R. 679, 684 (Bankr. E.D. Wis. 2018) (ruling that a creditor may not be held liable for violating a stay which the court retroactively annulled).

Having concluded that Jackson's appeal is moot in all respects, the Court need not reach the merits of the appeal, including Jackson's fraud allegations and his Demand for Declaratory Relief and/or Summary Judgment, Termination of Trustee and Recusal of Judge Fenimore. *See In re Dudley*, 273 B.R. at 199 ("Therefore, since no effective relief can be accorded [the debtor], the issues raised on appeal are moot and we need not reach the merits of the appeal on the motion for relief from stay.") (citing *In re Security Life Ins. Co.*, 228 F.3d 865, 870 (8th Cir. 2000)).

## CONCLUSION

For the reasons stated, this Court lacks jurisdiction over Jackson's appeal because it is constitutionally moot. The appeal is dismissed.

_____